Rukfin, J.
 

 This is not a bill of review; not alleging any error of law or fact in the decree. Nor does the bill allege any fraud in obtaining the decree, nor otherwise impeach it except in the single particular, that, the allegation in the former bill, that the fund with which the slaves were purchased belonged entirely to Carter, and the consequence deduced therefrom, that, in the view of this Court, Carter was entitled to all the slaves. The bill states, that the present plaintiff put in his answer in the former suit, but it does not profess to set forth either the tenor or substance of the answer in reference to a denial or admission of Carter’s claim to the money or the slaves, nor whether it set up the agreement, now alleged, in respect to an equal division of the funds collected, nor whether the slaves were wholly or in part the intestate’s. No rea
 
 *405
 
 son, indeed, is given, why the question now made was not presented in the former suit, nor any allegation that it was not made and proofs taken on it. The point was plainly in issue in that cause, whether the answer made it directly or not; for it was involved in the allegation of Carter’s ownership of the fund, and evidence that a part of the fund belonged to Davis, would have answered Carter’s claim
 
 pro tanto.
 
 As that is the case, the decree then made, and standing unreversed, concludes the rights of the parties to that cause, and those claiming under them, as to all the matters found or decreed in that cause. For litigation would be interminable, if after a decree in a cairse founded on the allegations and proofs in that cause the party could, upon an original bill, obtain a decree on the same mattefln opposition to the first decree, simply upon the ground, that the titles of the parties were different from what they were before declared — at the same time, not imputing any undue practices in obtaining the decree. The Court cannot be thus called on to pronounce opposing decrees upon the very same subject matter. Upon this point, the Court entertains no doubt. There has been some hesitation upon the question, whether a demurrer was the proper mode of raising the point, as it is usual to plead a decree in bar to a second suit for the same thing. But here, the bill itself sets forth the substance of the pleadings in the first suit and the decree given in it, and prays a discovery of facts contrary to the declaration then made, and a decree inconsistent with that decree. So, there is no need of a plea for the purpose of identifying the parties and the subject-matter of this suit as the same as those in the former. There is nothing left, then, but the naked question of law, whether the same parties can litigate the same matter over and over again ; and that question arises as well on the demurrer as it would have done on a plea. Demurrer sustained and bill dismissed.
 

 Pee Cueiam, Decree accordingly.