J. W. TUTTLE and an other v. R. M. HARRILL.

*Estoppel—Res Adjudicata—Union of Law and Equity.*

1. Where two or more successive actions are identical as to the parties, the alleged cause of action, the defences relied upon and the relief demanded, a judgment upon the merits in the first action will estop any and all parties from maintaining the subsequent ones.

2. Except in special cases, the plea of *res adjudicata* applies not only to points upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject of the issue, and which the parties, exercising reasonable diligence, might have brought forward.

3. Under our present system of pleading and practice, a party is conclusively presumed, when sued in a second action on matters before litigated, to have set up in the former action all the equitable defences of which he might have availed himself to defeat the legal title.

(*Farmer* v. *Daniel*, 82 N. C., 152, cited and approved.)

CIVIL ACTION tried at Fall Term, 1880, of RUTHERFORD Superior Court, before *Seymour, J.*

This action was brought to enforce the specific performance of a contract for the purchase of land alleged to have been entered into between the plaintiff Tuttle and the defendant, and for the possession of the same land.

The action was originally brought in the name of the plaintiff Tuttle alone, the plaintiff Logan being entered as his attorney of record. During the progress of the cause a motion was made at the instance of the plaintiff Tuttle to dismiss the action, the attorney who made the motion producing a power of attorney from him authorizing the same to be done, and thereupon the plaintiff Logan filed an affidavit claiming to be the owner, and to have purchased the land under execution against his co-plaintiff, and was allowed to become a party plaintiff. In the complaint it is alleged, without giving any date, that the plaintiff Tuttle

purchased of the defendant a tract of land known as a part of the Achilles Baker tract, and containing eighty-six acres, for which he paid the purchase money in full and took a written assignment of his interest with a promise to convey the same in fee, which written assignment has been lost. That the defendant having gotten the possession of the land retains the same, and though requested to make plaintiff a deed, refuses to do so. The relief asked is that the defendant may be adjudged to make the plaintiff a deed, and deliver the possession of the land, and for damages for waste and occupation.

The defendant in his answer says that the plaintiff Tuttle did not purchase the land mentioned in the complaint, but that in the year 1860 the defendant did agree with the plaintiff Tuttle to exchange lands, and to let him have the 86 acre tract mentioned in the complaint for another which he owned adjoining it. This agreement however was by parol, and was afterwards revoked by mutual consent, without anything being paid, or done under it. Subsequently a second and different agreement was made between the same parties, also by parol, which the plaintiff Tuttle has failed to comply with, and as to this last agreement the plaintiff pleads the statute of frauds.

For a second defence, the defendant alleges that the same matters of fact alleged in the complaint and relating to the same land, had theretofore been tried and adjudicated between these same parties in interest at fall term, 1873, of McDowell superior court, the defendant Harrill being then the plaintiff and Logan the defendant, against whom there was a verdict and a judgment. Also that the same matters of fact and relating to the same land had been adjudicated and determined in still another action tried at spring term, 1878, of Rutherford superior court, wherein the said Tuttle and Logan were plaintiffs and the said Harrill defendant, and in which there was a verdict and a judgment in his

favor. In the action last named there was an issue submitted and found by the jury that the matters of fact then alleged had been tried and determined in the action before referred to as having been tried in McDowell superior court. The defendant pleads the estoppel upon the plaintiffs, one or both, growing out of the verdicts and judgments in said actions.

On the trial in the court below, the defendant put in evidence a transcript of the record of the superior court of McDowell county, in an action wherein the present defendant Harrill was plaintiff and the said Logan was defendant, and in which all the issues were found for the then plaintiff, now defendant.

This action begun in the court of Rutherford county, but was removed, by consent of the parties, to McDowell county for trial. In his complaint filed in the action, the plaintiff (now the defendant) alleged that he was the owner in fee of a tract of land containing 86 acres (describing it as is done in the present action) of which the defendant had possession, claiming to have the title thereto, and refused to surrender the same, and judgment asked that he recover the land and for rents, &c.

The defendant Logan by his answer denied the title of the plaintiff to the land, and averred that any claim which he might pretend to under Tuttle (his co-plaintiff in the present action) was fraudulent and void. That Logan himself had the title derived by deed from the sheriff of Rutherford county under sale made by virtue of two executions against the said Tuttle—one in favor of L. Lineberger & Co., and the other in favor of one W. H. Bostick. The record in this action showed the final judgment to be in favor of the then plaintiff, that he recover possession of the land, &c.

The defendant also offered the record of an action tried at spring term, 1878, of the superior court of Rutherford, in which the present plaintiffs, Tuttle and Logan, were the

parties plaintiff, and said Harrill defendant, and by the complaint in which it was alleged that the defendant being seized of a certain tract of land containing 86 acres (being the same with that which is the subject of the present action) agreed with the plaintiff Tuttle sometime in the year 1860 to interchange lands with him and to give him the 86 acres for an adjoining tract of 150 acres then owned by him. That relying on this agreement, and at the defendant's request, the said Tuttle conveyed the 150 acres to one W. H. Bostick and gave him the possession thereof, and took the possession of the other tract, which he continued to hold until 1867. That the defendant, notwithstanding his promise to do so, had refused to convey to Tuttle the 86 acres by deed sufficient to convey the legal estate, but had by a writing signed under his hand assigned to him an equitable interest therein, which interest the plaintiff Logan had purchased at execution sale, under judgments in favor of Lineberger & Co., and W. H. Bostick, and immediately thereafter had taken the possession of the land and placed one Knipe thereon as his tenant.

The relief sought was that the defendant Harrill be declared a trustee as to the 86 acres for the plaintiff Tuttle, or Logan as having acquired his title; or that the agreement to interchange lands be rescinded in case the defendant relies on the statute of frauds, and he be directed to reconvey the 150 acres, and for such other relief, &c.

The answer of the defendant Harrill as exhibited in this last mentioned record was the same in substance with that filed in the present action, so far as it related to the facts of the case, and there was a special plea of the estoppel growing out of the adjudication of the same matters in the action between the defendant and the plaintiff Logan, tried in the county of McDowell. In response to an issue submitted at the trial of this cause the jury found the matters in litigation had been theretofore adjudicated between the parties in

interest to the controversy, and it was adjudged that the plaintiffs take nothing by their action.

Upon the introduction of the foregoing records and the identity of the subjects of litigation in all being unquestioned, His Honor instructed the jury that upon the evidence the defendant was entitled to their verdict. The plaintiffs excepted, and being allowed to state the ground of their exception, did so as follows :

That the two actions between the parties, tried, one in McDowell court at fall term, 1873, and the other in the Rutherford court at spring term, 1878, were pure actions at law, being nothing more than ordinary actions of ejectment, whereas the present action is one purely for equitable relief. After judgment against them the plaintiffs appealed.

*Messrs. Reade, Busbee & Busbee,* for plaintiffs.
*Mr. J. F. Hoke,* for defendant.

RUFFIN, J., after stating the facts. It is to be observed in the first place that the assumption of the plaintiffs as to the differences existing in the character, scope and purposes of the several actions waged between the parties in regard to the land in question, is not strictly accurate. So far as the present action and that which terminated in a verdict and judgment for defendant at spring term, 1878, of the same court, are concerned, they seem to be identical as to the parties, the alleged causes of action, the defences relied upon, and the relief demanded ; and it being admitted that they both related to the same subject matter, and the judgment in the prior action being rendered upon the merits of the case, it must follow that such a judgment is a bar to the second action.

In such a case the judgment operates as an estoppel upon parties and those in privity with them, not only as to such matters as were actually urged to sustain or defeat the claim

asserted in the action, but as to every possible matter that might have been so urged.

The two actions now referred to were purely equitable in their nature. They both allege the existence of an agreement between the parties with reference to the same land, the promise of the defendant to convey the same to the plaintiff Tuttle, the performance of his part of the agreement by said plaintiff, and the refusal of the defendant to perform his promise. The effort of the plaintiff Logan to establish the validity of his purchase at sheriff's sale, is the same in both, and the prayer that the defendant may be directed to execute a deed for the premises made in both, is such as only a court of equity can give. Thus it is that the scope of the two actions so far as they relate to the 86 acres, is identically the same. It is true that in the prior action there was a prayer for the reconveyance of the 150 acres to the plaintiff Tuttle, in case the defendant should not be held to perform his contract as to the smaller tract, but the plaintiff Logan sets up no claim to that land, and as this action is prosecuted solely for his benefit, and in spite of the effort of his co-plaintiff to dismiss it, that difference cannot enter into this case.

Having reached this conclusion, which fully supports the instructions given by his Honor to the jury who tried the cause, we might stop all further consideration of the question, but we are of the opinion that if the defendant's plea of the estoppel had been confined to that growing out of the judgment of the McDowell court, the consequences to the plaintiff would have been the same. That was an action at law, it is true, being for the possession of the land upon the strict legal title of the then plaintiff (now defendant). Still, constituted as our courts now are, it was open to the defendant in the action to set up any equitable defences he might have, and if able to show a perfect equitable right in himself (such as he seeks to assert in his present action), to de-

feat a recovery upon the legal title of the plaintiff. It was his folly not to have asserted this claim, (if, indeed, he did not do so,) and he must be concluded by the judgment rendered in the cause.

Except in special cases, says Taylor in his work on Evidence, the plea of *res adjudicata* applies not only to points upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject of the issue, and which the parties, exercising reasonable diligence, might have brought forward. 2 Taylor Ev., § 1513. As to the right of a party to defend upon an equitable right and to defeat the legal title, and the reasons for permitting the same to be done, we refer with satisfaction to the able opinion delivered by Mr. Justice Dillard in the case of *Farmer* v. *Daniel*, 82 N. C., 152.

No error.                                              Affirmed.