The action was begun on 11 May, 1883, by the issue of a summons against Peregrine P. Clements, J. J. Lawrence and J. H. Baker, on the last named of whom due service was made, and an ineffectual effort to have service made upon the others, who were nonresidents, by publication attempted.
The complaint alleges that Lawrence and Baker, on 7 December, (259) 1868, entered into a penal bond in the sum of $4,000, payable to Clements, with condition as follows:
"Whereas the said P. P. Clements has agreed to deliver to the said J. J. Lawrence forty gross of Rosadalis, the same being a part of eighty-five gross belonging to said Lawrence now in the hands of said Clements, and which has been attached in his (Clement's) hands by an attachment sued out by M. J. Edwards (the present plaintiff). Now, if the said J. J. Lawrence shall, when the said forty gross of Rosadalis are delivered and sold, apply the net proceeds of sale of the forty gross towards the satisfaction of the claim of the said Edwards against said *Page 219 
Lawrence, which is an attachment as aforesaid, then this obligation to be void, or else to remain in full force and virtue."
It further alleges that the claim referred to in the condition was a note for $12,500, dated 28 September, 1868, and due on 28 October following, bearing interest at the rate of eight per cent per annum, no part of which has been paid, and it was taken by the plaintiff from Lawrence in discharge of a debt he owed the plaintiff for a much larger sum, with the assurance that it would be paid at maturity; that the forty gross of Rosadalis was soon thereafter delivered, and in a few months (less than a year) were sold, as plaintiff learns, for $4,200 — no part of which has been paid to the plaintiff, and this notwithstanding his demand for the same.
There are two other causes of action contained in the complaint, which modify in some particulars, but do not essentially change the case made in the first. The answer of the defendant Baker, admitting some and controverting other of the plaintiff's charges, proceeds to say that his own action in disposing of the Rosadalis was purely in his character as clerk for Lawrence and under his direction by which he assumed and incurred no personal responsibility for the alleged trusts. The answer sets up the further defense of a prior suit (260) for the same cause of action prosecuted by the plaintiff against the defendant, which ended adversely by a verdict and judgment against the plaintiff, which stands unreversed in the Superior Court of Wilson, whereof is annexed as an exhibit a duly certified transcript, and this is relied on as a bar to the present action.
The complaint in the former suit alleged the indebtedness of Lawrence to the plaintiff by note in the sum of $12,500, dated 28 September, 1868, and due at thirty days; that no part of it had been paid and it was still the property of the plaintiff; that about 15 December, 1868, P. P. Clements, at the request of Lawrence, delivered to the defendant Baker forty gross Rosadalis (a medicine valuable in the market and worth by wholesale $105 per gross) to sell and pay over the proceeds upon said note, the Rosadalis being the property of said Lawrence; that defendant, according to plaintiff's information, sold the article at that price, receiving $4,200, of which sale the plaintiff was ignorant until just before bringing his suit in the spring of 1881, when he preferred his demand for the money and it was refused.
The demand was for judgment against defendant for an account of the fund and for the payment of such sum as may be found due.
The defendant admitted the allegations as to the debt of Lawrence — its nonpayment — the property in the article to be in Lawrence — his sale of it as clerk for the latter and not as trustee — and his accounting therefor to Clements under the provisions of the penal bond, of which he *Page 220 
annexed a copy and which he then took up, and set up a further defense that the plaintiff sued out an attachment against Lawrence, which was levied on the lot of Rosadalis in December, 1868, and that within three months thereafter the said Lawrence was adjudicated a bankrupt, and one John C. Baker appointed his assignee, and that he was (261) subsequently by a decree of the bankrupt court discharged from his debts.
The bond referred to in the answer is the same as that, the condition of which is inserted in the plaintiff's present complaint.
The transcript further showed that certain issues were eliminated from the pleadings and placed before the jury, which, with such responses as the jury were required to make, were as follows:
Were forty gross of Rosadalis delivered to the defendant in trust for the plaintiff on or about 15 December, 1868? Answer: No.
Did the defendant, on 28 April, 1873, transfer the proceeds of said Rosadalis to P. P. Clements? Answer: No.
If yes, when did the plaintiff first have knowledge of said transfer? Answer: He never had knowledge.
Was the note of said Lawrence the property of the plaintiff at the commencement of this action? Answer: Yes.
Did the defendant, on 28 April, 1873, settle his liability with said Clements? Answer: Yes.
The court, upon an inspection of the transcript of the record of the former trial, in connection with the pleadings in the present suit, intimated an opinion that the matter was res adjudicata, and that the action could not be maintained, in deference to which the plaintiff suffered judgment of nonsuit, and appealed.
It is quite apparent that both actions have a common and the same object in view, and that is to enforce the obligations created under the penal bond and the trusts alleged to have been assumed by Lawrence, not directly but intermediately, through (262) Clements to the plaintiff. It is not necessary to inquire whether such trusts were formed for the benefit of the plaintiff as he could compel to be executed out of a contract to which he was not a party, nor whether an action at law could lie against the defendant, as surety to the undertaking of Lawrence, for the latter's breach of the bond, for such is not the case before us. The present appeal raises the sole question whether the first action concludes the subject-matter of this action and obstructs a recovery in it, and this is *Page 221 
the ruling in which error is assigned and the appeal is taken to correct. It may be — we do not undertake to decide the proposition — that the plaintiff having an attachment may follow the fund, as burdened with a trust, which has been substituted in place of the property seized, but we are now required to determine the effect of the first unsuccessful suit upon the plaintiff's right to renew his demand in this suit, and upon this point we concur in the opinion of the court below.
The verdict establishes these propositions:
1. That the Rosadalis was not delivered to the defendant upon the alleged trust.
2. That the defendant did, in April, 1873, settle with Clements his liability in respect to the Rosadalis sold.
These findings of the jury were deemed an acquittal of defendant, and judgment rendered against the plaintiff upon the cause of action stated in his complaint, and this determination seems to us to put an end to the controversy between the parties upon the subject of the claim against the defendant according to the maxim, Nemo debet bis vexare pro eadem et unacausa.
It cannot be necessary to refer to authority in support of the proposition that a determination upon the merits of an action, prosecuted upon a claim asserted by the same plaintiff against the same defendant, is a bar to a second suit, and we forbear to refer to any.
Affirmed.
Cited: Dickens v. Long, 109 N.C. 172; Lumber Co. v. Lumber Co.,140 N.C. 442; McArthur v. Griffiths, 147 N.C. 549; In re Will of Lloyd,161 N.C. 560; Barcliff v. R. R., 176 N.C. 42; Distributing Co. v.Carraway, 196 N.C. 60.
(263)