E. P. GILLAM ET AL. v. J. W. EDMONSON ET AL.

(Filed 20 December, 1910.)

1. Estoppel—Parties and Privies—Partition—Judgment—Title—Different Right.

Estoppel of record will bind parties and privies as to matters in issue between them, but it does not conclude as to matters not involved in the issue, nor when they claim in a different right.

2. Estoppel—Partition—Judgment—Adjoining Owners—Identity—Issues—Mutuality.

In partition proceedings between the heirs at law of the deceased, the dividing lines between the *locus in quo* and adjoining owners not being involved and the question involved being only

GILLAM *v.* EDMONSON.

what was a fair division of the lands between the parties, the judgment therein does not estop one of the petitioners to show his true line between his portion and an adjoining· owner, not a party to the proceedings, as the identity of that line was not therein involved, and there was no mutuality upon which the application of the doctrine of estoppel could be founded.

3. **Same—Petitioner—Lands Afterwards Acquired—Title—Different Right.**

A judgment in partition proceedings fixing only the divisional boundaries of the *locus in quo* between the heirs at law does not estop the heirs at law from showing the true dividing line between their land and an adjoining tract, nor does it estop one of them, who has afterwards acquired the lands of an adjoining owner to the portion allotted to another of the heirs, from showing the true boundary line of his purchase, as he holds the lands so acquired under the title of his vendor, who was not a party to the partition proceedings, and in such case there could be no mutuality of estoppel upon which its application could be made. (*Carter v. White*, 134 N. C., 469, cited and distinguished.)

APPEAL from *Councill, J.,* at June Term, 1910, of BURKE.

Proceedings instituted before the clerk to partition a small piece of land, transferred to the civil-issue docket. The following plat will indicate and explain the question at issue.

The land sought to be divided is the small piece, rectangular in shape and indicated by the letter B, C, D, F, and the right to partition same was made to depend on the correct placing of the divisional line between the lands formerly owned by Milas Edmonson, deceased, lying to the west of it and the adjoining tract to the east, formerly owned by one S. H. Angell, who bought of A. H. Erwin. The court, being of opinion with plaintiff, instructed the jury accordingly, and verdict was rendered that the true dividing line was that indicated on the map by the letters F, D. Judgment for plaintiff, and defendant excepted and appealed.

*Avery & Ervin and J. F. Spainhour for plaintiffs.*
*S. J. Ervin and John T. Perkins for defendant.*

HOKE, J. It appeared in evidence that the tract of land lying west of the dividing line formerly belonged to Milas Edmonson, and on his death plaintiffs and defendants, his children and heirs at law, instituted proceedings for the purpose and same was duly partitioned, the portion lying nearest to an adjoining tract having been allotted to Laura Gillam, one of the petitioners in the present suit, and was set apart to her by metes and bounds, and in which the dividing line between the Milas Edmonson tract and the tract adjoining to the east was recognized and described as being the line B, C, D, E. The present petition instituted by plaintiffs, children and heirs at law of the same Milas Edmonson, against J. W. Edmonson, and Mary Clontz, the other children and heirs at law, proceeds upon the theory that the true dividing line between the Edmonson and the Angell lands was the line F and E, and that no partition has ever been had of the portion contained in the rectangle B, C, D, F. It appeared further that J. W. Edmonson, one of the children and heirs at law of Milas, who was a party to the first partition proceedings, having since bought the adjoining tract from S. H. Angell, resists further partition on the ground that the parties to the original proceedings are estopped to allege or show that the dividing line between the Edmonson and Angell tracts was other than the line B, C, D, E,

as recognized in that case; but the position cannot be sustained. The doctrine is that an estoppel of record will bind parties and privies as to matters in issue between them, but it does not conclude as to matters not involved in the issue, nor when they claim in a different right. As to the proposition contained in the first portion of this statement, it has come to be well recognized that the test of an estoppel, by judgment, is the identity of the issues involved in the suit. *Tyler v. Capehart,* 125 N. C., 64; *Tuttle v. Harrell,* 85 N. C., 456; 23 Cyc., 1300; 24 A. and E., 780; Black on Judgment, sec. 609, and on the facts presented, there is an entire lack of this essential requisite. In the former suit, the question at issue, on the title admitted to have descended to the parties from their father, Milas Edmonson, was what was a fair division of their ancestor's land as the parties then understood them to be? The dividing line between their land and the adjoining tract, then owned by S. H. Angell, was not involved in the suit; S. H. Angell was not a party, and no evidence on that question could have been properly offered or received. Perhaps the controlling principle in this doctrine of estoppel is that it must be mutual. Suppose the boundary, as declared in the original proceedings, had taken in a part of Angell's land, and on entry by Mrs. Gillam, Angell had sued, would the recognition of the line as made by the heirs of Edmonson in their partition proceedings have been binding on Angell? To state the question is to answer it, and the answer conclusively shows that no estoppel arises in defendant's favor. Defendant is now endeavoring to maintain his position, not as the heir at law of Milas Edmonson, but as the owner of Angell's title, and the question now raised, the dividing line between the Edmonson and the Angell tracts, was in no way presented or involved in the other suit, and the determination of that case, therefore, should have no effect upon the present issue. There is nothing in the case of *Carter v. White,* 134 N. C., 469, to which we were referred by counsel, that in any way conflicts with our ruling on the present appeal. In that case it was held, "That a judgment in partition proceedings, determining the respective interests of the parties thereto, is binding on said parties as against an after-acquired title."

That was put on the ground that as our system of procedure provided for a decision on title in partition proceedings, a judgment therein would conclude the parties as to the title to the land embraced in the petition, and that an after-acquired title would inure to feed the estoppel; but in our case, as shown, there was no dispute as to the Milas Edmonson title in the first partition proceeding, and the question as to the dividing line between this and the adjoining tract was in no way presented or involved.

There is no error, and the judgment below is affirmed.

No error.