IN RE WILL OF THOMAS F. LLOYD.

(Filed 9 April, 1913.)

1. Pleadings—Estoppel—Judgments—Caveat.

Where in an action to construe a will there is allegation that the will is valid, and a party to that action neither denies the allegation nor requests the court not to proceed with the cause until he has been afforded an opportunity to file his caveat, and the matter has been finally adjudicated and distribution under the will directed, the party thus acting is thereafter barred of any right he may have had to caveat the will and have it set aside.

2. Wills—Caveat—Judgment—Estoppel—Limitation of Actions—Interpretation of Statutes.

While the filing of a caveat to a will is not barred by the statute until after the lapse of seven years, this does not apply when the party is estopped by a former judgment, Revisal, sec. 3135, not being an enabling statute, but creating a bar from lapse of time where there was none before.

APPEAL from *Whedbee, J.,* at October Term, 1912, of ORANGE.

*Stern & Duncan, S. M. Gattis* for *caveator.*

*John W. Graham, Mangum & Woltz, and Victor S. Bryant* for *propounders.*

CLARK, C. J. This is an action by W. P. Lloyd to set aside the will of Thomas F. Lloyd, who died in 1911, leaving a will which was duly probated. He was survived by a widow and several brothers, among them the caveator, W. P. Lloyd. The widow of the testator, Caroline Lloyd, within the time pre-

scribed by law, dissented from the will. The executors brought action in September, 1911, in which the complaint alleged that Thomas F. Lloyd had left a will which had been duly admitted to probate and recorded, annexing a copy thereof as a part of the complaint; that the executors had duly qualified, ·that the widow had dissented, and asking that her dower should be allotted and for a construction of the will. The complaint also set out the realty and other property of the decedent and asked that the property be sold and for such orders and decrees as might be necessary. In that proceeding all the heirs at law and devisees were made parties defendant, except those that were named as plaintiffs. The plaintiff in this action accepted service of the summons therein. A decree was entered in said action· construing the will, directing the allotment of dower, the sale of realty, confirming the sale and directing disposition of proceeds in accordance with the prayers of the complaint.

The proceedings and judgment· in the above action are pleaded as an estoppel against this proceeding to caveat the will. This plea was sustained, and the caveator, W. P. Lloyd, appealed. His Honor properly held, "The said W. Pinckney Lloyd was estopped by the judgment and decree rendered in said action defining his rights as heir at law and next of kin of the said Thomas F. Lloyd, and as he raised no question as to the validity and execution of the will of said Thomas F. Lloyd, filed as a part of the complaint in that action, he cannot now be heard to do so. And it is therefore ordered and adjudged that the caveat filed by him be dismissed at his cost."

· W. P. Lloyd, the plaintiff in this proceeding, was a party to the former action, in which the will was set out in full, its validity averred, and in which it was asked that the will be construed, the realty sold, dower allotted, and the executor instructed as to the disposition of the estate. He made no objection or exception, though he accepted service of the summons therein. All the parties were before the court, the validity of the will was averred, and he could have made it an issue by his denial of such averment. But he did not choose to do so, and is now estopped by the judgment and decrees in that action. It may be that W. P. Lloyd, a defendant in that

action and the plaintiff in this, could have treated that action as a proceeding to prove the will in solemn form. But however that may be, he could certainly have denied the first paragraph of the complaint, which alleged the validity of the will, and have asked that the other allegations of the complaint be not passed upon until the caveat which he had filed, or would file, was adjudicated. He chose to do none of these things, and cannot now be heard to raise a contest as to the validity of the will, which he admitted by his failure to take any action.

Among the cases which sustain the judgment of the court in this matter are *Fisher v. Boyce,* 81 Md., 52, in which the Court held that where the executors had filed a petition to have the will construed and in which a decree was entered, the parties to that action would be estopped afterwards to allege the invalidity of the will because of duress or fraud. The Court said: "With respect to the question of estoppel, which is the second question raised by the appeal, we think in the present state of the record the appellees have by their conduct denied ·themselves the right to institute these proceedings. A party cannot, either in the course of litigation or in dealings *in pais,* occupy inconsistent positions, and where one has an election between several inconsistent courses of action, he will be confined to that which he first adopts. Any decisive act of the party, done with knowledge of his rights and the facts, determines his election and works an estoppel. It is an old rule of equity that one who has taken a beneficial interest under a will is thereby held to have confirmed and ratified every other part of the will, and he will not be permitted to set up any right or claim of his own, however legal and well founded it may otherwise have been, which would defeat or in any way prevent the full operation of the will," quoting from Bigelow on Estoppel, 562, and citing *Waters' Appeal,* 35 Pa. St., 523, and *Thrower v. Wood,* 53 Ga., 458. It does not appear that in those cases those held barred by the estoppel actually received any benefits under the decree construing the will.

Another case in point is *Corprew v. Corprew,* 84 Va., 599, in which, action having been brought to construe the will and a judgment entered, a party to such proceeding afterwards

sought to impeach the will, the Court held, as stated in the headnote: "Where a court of competent jurisdiction, in a former suit, construed a will according to the prayer and allegation of the bill and answer, and declared it to be the will of testator, this decree is conclusive against the same complainants, seeking in a new suit, against same parties, to have said will declared not to be the will of said testator"; and in the opinion of the Court it is said: "He is now estopped to deny, not only his own allegations, and the proceedings based thereon, in which he acquiesced, but a decree of the court construing the will in favor of his allegations, entered and based upon a statement of facts agreed and consented to by him." To same effect, *In re Vedder's Will*, 15 N. Y. Sup., 798.

In *Allen v. Allen*, 121 N. C., 328, and *Tiddy v. Graves*, 126 N. C., 620, it was held that an executor who qualified under the will is estopped from denying the provisions of the will.

The case of *In re Thomas*, 111 N. C., 409, relied on by the plaintiff, omits in the second headnote the word "not" before the word "parties," and expresses the opposite of what the Court really held on page 407, where it is said: "They were not parties to the proceedings nor entitled as privies to hold caveators bound by any admission or adjudication made therein." In *Keith v. Scales*, 124 N. C., 497, the Court treated as entirely regular a proceeding to prove the will in solemn form and to obtain a construction of the same. This in effect was the purport of the action in this case. William P. Lloyd, as already stated, could in that proceeding either have denied the validity of the will, as alleged in paragraph 1 of the complaint, or could have asked for suspension of further action till the decision upon the caveat which he had filed or intended to file. It is too late to do so now, when the will has been held valid, the real estate sold, sale confirmed, and disposition of the proceeds ordered.

The point now attempted to be raised in this proceeding as to the validity of the will was necessarily passed upon, or admitted, in the former action, and hence the judgment therein is an estoppel. *Gay v. Stancill*, 76 N. C., 369; *Davis v. Hall*, 57 N. C., 405; *Tuttle v. Harrill*, 85 N. C., 456; *Yates v. Yates*, 81 N. C., 400; *Edwards v. Baker*, 99 N. C., 258.

"The judgment by default is as conclusive in adjudication between the parties as to whatever is essential to support the judgment as one rendered after answer and contest. The essence of estoppel by judgment is that there has been a judicial determination of a fact, and the question always is, 'Has there been such determination?' and not upon what evidence or by what means it was reached. Bigelow on Estoppel says: 'Judgment by default, like judgment on contest, is conclusive of what it actually professes to decide, as determined from the pleadings; in other words, that facts are not open to further controversy if they are necessarily at variance with the judgment on the pleadings.'" *Mining Co. v. Mining Co.,* 157 U. S., 691.

In *Wagon Co. v. Byrd,* 119 N. C., 462, this Court said: "The principles governing estoppel by judgment are established by a long line of decisions in this and other States, and we have no desire to take a new departure which will shake the settled law as to *res judicata.* The ruling is thus stated, 1 Herman on Estoppel, sec. 122, and is fortified by a long list of leading authorities there cited: 'The judgment or decree of a court possessing competent jurisdiction is final as to the subject-matter thereby determined. The principle extends further. It is not only final as to the matters actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have decided. This extent of the rule can impose no hardship. It requires no more than a reasonable degree of diligence and attention; a different course might be dangerous and often is oppressive. It might tend to unsettle all the determinations of the law and open a door for infinite vexation. The rule is founded on sound principle.' And the same authority, sec. 123, says: 'The plea of *res judicata* applies, except in special cases, not only to the points upon which the court was required by the parties to form an opinion and pronounce judgment, but to every point which properly belongs to the subject in litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time and determined respecting it.'" See *Tyler v. Capeheart,* 125 N. C., 64.

161—36

The plaintiff "having been silent when he should have been heard, cannot now be heard when he should keep silent."

While it is true that a caveat is not barred by the statute of limitations till after the lapse of seven years, this does not prevent the application of an estoppel. Indeed, the statute 1907, ch. 862 (Pell's Revisal, 3135), is not an enabling act, but creates a bar from lapse of time when there was none before. *In re Beauchamp,* 146 N. C., 264.

The judgment of the court below is
Affirmed.