MILES W. FEREBEE v. W. E. SAWYER ET AL.

(Filed 14 October, 1914.)

1. **Mortgages—Foreclosure—Provisions as to Notice—Strict Compliance.**

In foreclosure proceedings under a power of sale contained in a mortgage, the requirements of the statute and the contract stipulations of the instrument not inconsistent with the statute in respect to notice and other terms on which the power may be exercised shall be strictly complied with; and when such has not been done, no title can pass under the sale in respect to the immediate parties thereto.

2. **Same—Postponements.**

The strict compliance with the terms of the mortgage and statutory provisions required to make a valid sale upon foreclosure does not apply when a postponement is had by reason of the sale being enjoined or for other reasonable purposes, for in the absence of statutory or contract provisions to the contrary, as in this State, a notice of postponement made in good faith, and reasonably calculated to give proper publicity of the time and place, is held sufficient.

3. **Same—Insufficiency of Notice.**

Under the facts of this case a sale under a power contained in a mortgage was adjourned not less than four times, the only published notice of the postponement being memoranda at the bottom of one of the original notices, without satisfactory evidence that a proclamation was made at more than two of the dates, or testimony informing the court of the number of persons within hearing when the same was made, except the first time, and then only a half-dozen were present. *Held,* the notice of postponement was insufficient.

4. **Mortgages—Sales—Postponement—Sheriffs—Sales by Order of Court—Interpretation of Statutes.**

Revisal, sec. 645, authorizing the postponement of sale from day to day for not more than six days is held to apply to sales by the sheriff or persons acting under court decrees, and not to apply to sales under power contained in a mortgage.

5. **Courts—Jurisdiction—Pleadings—Judgment—Estoppel.**

When a court having jurisdiction of the case and the parties renders judgment therein, it estops the parties and their privies as to all issuable matters contained in the pleadings; and though not issuable in a technical sense, it concludes, among other things, as to all matters within the scope of the pleadings which are material and relevant and were in fact investigated and determined in the hearing.

**6. Judgments—Mortgages—Sales—Notice—Estoppel.**

    The mortgagor of lands brought suit to restrain the mortgagee from making conveyance thereof under a sale of foreclosure under the power contained in the mortgage, and issue was joined, among others, upon the question of the sufficiency of notice of the postponement of the sale, and judgment was rendered establishing, among other things, the sufficiency thereof. In the present action the purchaser at the sale sues the mortgagor for possession of the lands, and it is *Held*, the present defendant is estopped by the judgment in the former proceedings to deny the sufficiency of the notice of postponement.

APPEAL by plaintiff from *Ferguson, J.,* at December Special Term, 1913, of CAMDEN.

Civil action to recover a tract of land.

Plaintiff claimed title under a deed from Calvin Upton and J. M. Cartwright, made pursuant to a foreclosure sale under and by virtue of a mortgage with power of sale executed by defendant W. E. Sawyer and wife to plaintiff's grantors, dated 14 December, 1909.

Defendant resisted recovery on the grounds set up by answer, that no valid foreclosure of said mortgage had been made, in that the sale was not properly advertised as "provided by the trust or by law."

(2) That the mortgage had never been "proved, executed, or acknowledged."

In reference to the alleged defective advertisement, it appeared that the sale was originally advertised to take place at the courthouse door on 17 October, 1910, and mortgagees, by their agent and attorney, appeared for the purpose of making the sale, when he was stayed by reason of an injunction sued out and served at the instance of one Hinton, who also held a mortgage on the property; that pursuant to the exigencies of the writ, the sale was first postponed for an hour, to enable the agent to examine into the regularity of the process, and then to 12 November, and again to 26 November, and again to 10 December, and finally to 22 December, when the writ of injunction having been dissolved, the sale was had pursuant to the last notice, and deed made to present plaintiffs, who were purchasers for value at said sale; that the original notices of the sale were in all respects full and regular; that as to the postponed sale, the agent of the mortgagees made a memorandum of such postponed date at the bottom of the original notice at the courthouse door and also made announcement of same at the courthouse door, and as to subsequent notices, memoranda of postponement were made at the bottom of the original notice at the courthouse door and proclamation of postponement was also made at courthouse door at one or more of the additional postponements.

It was further made to appear in evidence that on 23 December, 1910, the present defendant, W. E. Sawyer, had instituted an action against

the mortgagees, Upton and Cartwright, and filed his complaint, alleging that the mortgage was given to secure the purchase price of a sawmill bought by complainant of the mortgagees for $2,500, and by reason of the breach of certain binding stipulations incident to the sale, complainant had been damaged in the sum of $3,500. It was further alleged in said complaint (section 8) that the mortgagees "had advertised said lands and attempted to sell the same on 22 December, 1910, and said sale was illegal and void because *not properly advertised.*"

On the complaint and supporting affidavits, a temporary injunction was obtained restraining the mortgagee from selling or making title pursuant to the sale.

Defendants answered, denying any breach of contract on their part and making further specific averment that the said sale was properly advertised and in all respects regular.

The cause was tried on issues as to breaches of the contract stipulations alleged against the mortgagees, defendants, no issue having been tendered as to the regularity of sale, and, on verdict for defendants, it was adjudged that they go without day, etc.

In the present trial, on issue submitted, there was verdict for plaintiff. Judgment on the verdict, and defendant excepted and appealed.

*Ward & Thompson for plaintiff.*
*Aydlett & Simpson for defendant.*

HOKE, J., after stating the case: In foreclosure proceedings, under power of sale, our decisions hold, and they are in accord with doctrine generally prevailing elsewhere, that the requirements of the statute and of the contract stipulations of the instrument not inconsistent with the statute, in respect to the notice and other terms on which the power may be exercised, shall be strictly complied with. *Eubanks v. Becton,* 158 N. C., 230; *Brett v. Davenport,* 151 N. C., 56. In *Brett v. Davenport* the Court said: "In an instrument of this kind (a mortgage with power of sale) the law is that a statutory requirement or contract stipulation in regard to notice is of the substance, and unless complied with, a sale is ineffective as a foreclosure, and even when consummated by deed the conveyance only operates to pass the legal title, subject to certain equitable rights in the purchaser, as of subrogation, etc., in case he has paid the purchase money in good faith"; and the position is approved in *Eubanks v. Becton,* in a well sustained opinion by *Associate Justice Allen,* citing, among many other authorities, 27 Cyc., 1465, as follows: "A power of sale contained in a mortgage or deed of trust must be strictly pursued and all its terms and conditions complied with in order to render the sale valid"; and, on page 1466: "It is essential to the validity of a sale under a power in a mortgage or deed of trust,

to comply fully with its requirements as to giving notice of the sale";
and page 1472: "That directions of the statute or of the mortgage as
to the length of time the notice must be published, or the number of
times it must appear, are imperative, and a sale made without strict
compliance therewith is invalid and passes no title"—a position which
certainly obtains with us as to the immediate parties to the sale. *Hinton
v. Cohoon,* at the present term. A perusal of these and other author-
ities bearing on the subject will disclose that the principle has been
established in reference to an original or independent notice of sale, and
does not prevail to the same extent in reference to the postponement of
a sale which has been in all respects regularly advertised. In such case,
and in the absence of some statutory or contract provision to the con-
trary, a notice of postponement, made in good faith and reasonably cal-
culated to give proper publicity of the time and place, has been deemed
sufficient. *Richards v. Holmes,* 59 U. S., 143; *Allen v. Cole,* 9 N. J.
Eq., 286; *Way v. Dyer,* 176 Mass., 448; *Stevenson v. Dana,* 166 Mass.,
163; 7 Cyc., 1476; 28 A. and E. Dec., p. 806.

There are cases to the contrary, and holding that an entirely new
notice should be given, but the weight of authority seems to be in sup-
port of the position as stated. In 27 Cyc. it is said: "Where a mort-
gage foreclosure sale is postponed or adjourned, a new and sufficient
notice of the time and place for the sale must be published; but it is
generally held that it need not be published or advertised for the same
length of time that is requisite in the first instance, such notice as will
give reasonable publicity being sufficient, provided the notice is given
in good faith, and contains all the essential requisites of a notice of
sale"; and in A. and E., *supra:* "When a sale is postponed or adjourned,
proper notice thereof must be given. Statutory provisions or terms of
the power applicable to the giving of such notice must of course be com-
plied with. If there be no such provision, reasonable notice is sufficient."

Section 645 of the Revisal, authorizing the postponement of a sale
from day to day for not more than six days, from its terms and juxta-
position, clearly has reference to sales by the sheriff or persons acting
under court decrees, and does not apply to sales under power contained
in the instrument. While we decide that a sale of this character may
be postponed and, unless the statute or some stipulation of the contract
otherwise provides, that a reasonable notice of the postponement may
suffice, we do not think that the notice attempted in this present case
can be upheld. The evidence showing that the original sale, set for 17
October, was adjourned not less than four times and the only published
notice of the postponement was a memorandum at the bottom of one
of the original notices and no satisfactory evidence that proclamation
was made at more than two of the dates and no testimony informing the

court of the number of persons who were in hearing. when the same was made, except the first time, and then only a half-dozen present.

The sale and foreclosure, therefore, must be declared invalid; but, on the record, the position cannot be made available to defendant for the reason that, in our opinion, he is precluded from asserting it by reason of the verdict and judgment had in the case of W. E. Sawyer, the present defendant, against the mortgagees, who sold and conveyed to the present plaintiff. In that case, as heretofore stated, the present defendant instituted the action to recover damages and to restrain the mortgagees from making the deed to plaintiff, and on the express ground, among others, that a sale was had without the proper notice.

The mortgagees answered, making direct averment that the sale was in all respects regular, and this suit having been concluded and judgment entered that defendants therein go without day, the present defendant is estopped from making further question as to the regularity of this sale. In *Tyler v. Capehart,* 125 N. C., 64, the Court held: "A judgment is decisive of the points raised by the pleadings, or which might be properly predicated upon them; but does not embrace any matters which might have been brought into the litigation, or causes of action which the plaintiff might have joined, but which in fact are neither joined nor embraced by the pleadings." The principle has been approved and applied in numerous decisions of the Court before and since that well considered case. *Owen v. Needham,* 160 N. C., 381; *Caudle v. Morris,* 160 N. C., 168; *Coltrane v. Laughlin,* 157 N. C., 282; *Gillam v. Edmonson,* 154 N. C., 127; *Bunker v. Bunker,* 140 N. C., 18. In *Coltrane's case* the doctrine is stated as follows: "It is well recognized here and elsewhere that when a court having jurisdiction of a cause and the parties renders judgment therein, it estops the parties and their privies as to all issuable matter contained in the pleadings, and though not issuable in the technical sense, it concludes, among other things, as to all matters within the scope of the pleadings which are material and relevant and were in fact investigated and determined on the hearing," citing *Gillam v. Edmonson,* 154 N. C., 127; *Tyler v. Capehart,* 125 N. C., 64; *Tuttle v. Harrell,* 85 N. C., 456; *Fayerweather v. Ritch,* 195 U. S., 277; *Aurora City v. West,* 74 U. S., 82, 103; *Chamberlain v. Gaillard,* 26 Ala., 504; 23 Cyc., pp. 1502-4-6.

In *Gillam v. Edmonson* it was held that an estoppel of record will bind parties and privies as to matters in issue between them, and, delivering the opinion, at page 130, the Court said: "It has come to be well recognized that the test of an estoppel by judgment is the identity of the issues *involved in the suit."*

We were referred by counsel for the defendant to the case of *Clothing Co. v. Hay,* 163 N. C., 495, as an authority supporting defendant's posi-

tion; but a perusal of that case will show that in holding that a judgment was an estoppel only as to points actually investigated and decided, *Associate Justice Allen* was careful to note that the principle as stated "applied to cases where the second suit was based upon a different cause of action from that in which the judgment had been entered, and that when the cause of action was one and the same, in such case a final judgment in the former suit is conclusive, not only as to matters determined, but as to all issuable matter presented in the pleadings or necessary to the proper decision of the cause." In support of the distinction, the learned judge quotes from *Cromwell v. Sac,* 94 U. S., 351, as follows: "The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate when applied to the demand or claim in controversy. Such demand or claim having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever. But when the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." And the case of *Jones v. Beaman,* 117 N. C., 259, to which we were also cited, can be sustained, if at all, only on the same distinction: that the second suit was on a different cause of action than that presented by the pleadings or necessarily involved in the first. In the suit of Sawyer, however, the present defendant, against the mortgagees, the validity of the sale and on account of insufficient notice was made a direct issue in the pleadings, and judgment having been entered on that record in favor of the mortgagees, it cannot be again debated in this case where the same issue is directly involved, towit, the validity of the sale at which the plaintiff purchased. The objection to the probate of the mortgage is without merit, and was very properly not insisted on in the brief of counsel. Even if the justice who took the acknowledgment was not regularly appointed, he was an officer *de facto,* and, under our decisions and on the facts in evidence, the probate must be held sufficient. *Spruce Co. v. Hunnicutt,* 166 N. C., 202; *Hughes v. Long,* 119 N. C., 52.

There is no error, and judgment in plaintiff's favor is affirmed.

No error.