HARDISON ET ALS. v. EVERETT.

(Filed 20 October, 1926.)

1. **Estoppel—Actions—Judgments—Agreement of Parties—Issues.**

Estoppel by a former judgment may be successfully interposed as a defense to an action between the same parties and their privies, upon the same subject-matter of litigation, and upon the same issues, and upon any question upon which the parties to the former action may have agreed that should be embraced within the issues determined and properly appearing in the records of the former trial in which the judgment was rendered.

2. **Same—Title—Record in Former Action—Privies—Successor in Title.**

Where the parties to an action have agreed that a certain lot of land shall be determined by the answer to the issues involving the true dividing line between adjoining owners, the judgment therein rendered may not successfully be set up as an estoppel between the successor in title of a party to the former action, when by reference to the former record it appears that the present controversy involves title to lands not embraced in the agreement of the parties to the former action.

CIVIL ACTION, before *Bond, J.,* at April Term, 1926, of ONSLOW.

The plaintiff brought suit against the defendant, alleging that he was the owner of a tract of land containing about three hundred acres, and that the defendant had trespassed thereupon. The defendant answered denying plaintiffs' title.

There was evidence tending to show that on 20 April, 1922, V. Sidbury sold to the plaintiff two acres of land designated in the record as the Craig place. Sidbury purchased these two acres from one Justice in 1913, and was therefore the owner of the land in 1915. The two-acre Craig lot was located at the northeastern corner of tract No. 2 of the Ennett land. At the April Term, 1915, V. Sidbury brought a

suit against L. W. Everett, the defendant in this case, and others, claiming to be the owner of a tract of land containing about 500 acres. In the complaint filed in said action in 1915 the description of the land referred to J. W. Hardison's corner and L. W. Everett's line. In the suit between Sidbury and Everett in 1915, the plaintiff, Sidbury, was claiming land north of "West Goose Creek Prong," and in the present case, the "Craig place" is north of West Goose Creek Prong. At the April Term, 1916, in the case of *Sidbury v. Everett,* the following issue was submitted to the jury: "Is the true dividing line between the land of the plaintiff, Sidbury, claimed under John King 600-acre grant and the land of the defendant, Everett, the line from the point marked 'Pullen corner' on the map attached, to the point marked 'red oak at 6?' The jury answered this issue, no. Whereupon, at the April Term, 1916, the following judgment was rendered:

This cause coming on to be heard, it having been agreed and put in the record that the whole controversy hinges on where is the dividing line between the plaintiff, V. Sidbury, and the defendant, owner, and the other defendants claiming certain timber rights on the lands of said Everett, and it having been further agreed by both sides that if the jury find that the true dividing line between the tract of land owned by the plaintiff, and the tract of land owned by the defendants according to their respective interests, was not the line on the map marked Pullen corner, running to point 6 marked red oak, then the true dividing line between the lands of said parties is the West Goose Creek Prong, as shown on said map from letter Y to the letter X, and the jury having answered the issue saying that the line first named is not the true dividing line, it is adjudged, ordered and decreed that the defendant, L. W. Everett, subject to such rights in the timber as his codefendants may have, is the owner and rightfully in possession of the land in controversy, bounded south by the West Goose Creek Prong, running from letter Y to the letter X on map hereto attached and made a part of this judgment.

It is further ordered, adjudged and decreed that the plaintiff, V. Sidbury, is the owner of lot No. 3 in the division of the Thomas Ennett lands, and that its northern boundary is the West Goose Creek Prong from Y to X."

The complaint, issues and judgment in the case of *Sidbury v. Everett,* rendered in 1916, are pleaded by the defendant Everett, in the present suit of *Hardison v. Everett,* as an estoppel by judgment. The trial judge was of the opinion that the plaintiff Hardison was estopped by the record and judgment in the case of *Sidbury v. Everett,* from which judgment the plaintiff appealed.

HARDISON *v.* EVERETT.

*D. L. Ward and Nere E. Day for plaintiffs.*
*E. W. Summersill and L. R. Varser for defendant.*

BROGDEN, J.    The defendant asserts that, as V. Sidbury was the owner of the "Craig place" when the judgment was rendered in 1916, between Sidbury and Everett, Hardison, being the purchaser of the "Craig place" in controversy from Sidbury, since said judgment, is estopped by the judgment from claiming the land in controversy.   The plaintiff asserts that the record in *Sidbury v. Everett,* and the judgment in that cause, determined the northern boundary of Sidbury, as to lot No. 3 only, and did not involve title to lot No. 2, which is now in dispute.

Estoppel by judgment is thus defined by *Pearson, J.,* in *Armfield v. Moore,* 44 N. C., 157: "The meaning of which (estoppel) is, that when a fact has been agreed on, or decided in a court of record, neither of the parties shall be allowed to call it in question, and have it tried over again at any time thereafter, so long as the judgment or decree stands unreversed. . . .   In other words, his mouth is shut, and he shall not say that is not true which he had before in a solemn manner asserted to be truth."   The underlying reason for recognizing the principle of estoppel is that a person ought not to be vexed twice about the same matter.

Estoppel by judgment arises from the following essentials: (1) Identity of parties; (2) identity of subject-matter; (3) identity of issues.   *Wagon Co. v. Byrd,* 119 N. C., 460; *Tyler v. Capehart,* 125 N. C., 64; *Gillam v. Edmonson,* 154 N. C., 127; *Coletrain v. Laughlin,* 157 N. C., 287; *Clarke v. Aldridge,* 162 N. C., 326; *Whitaker v. Garren,* 167 N. C., 658; *Price v. Edwards,* 178 N. C., 493.

It is also fully established that estoppels by judgment bind both parties and privies.   *Price v. Edwards,* 178 N. C., 493; *Rogers v. Ratcliff,* 48 N. C., 225.

There is evidence tending to show that the two-acre Craig place, although north of "West Goose Creek Prong," is included in the boundaries of lot No. 2 claimed by Hardison, and was never a part of lot No. 3 of the Ennett land.   There is, therefore, lack of identity of subject-matter.

The judgment in *Sidbury v. Everett,* rendered in 1916, enlarges the scope of that case, because it was agreed between the parties that if the dividing line between the litigants, as the jury found, was not the line marked Pullen corner to red oak at 6, "that the true dividing line between the lands of said parties is West Goose Creek Prong, as shown on said map from letter Y to letter X."   However, it appears from the map that the line from the letter Y to the letter X establishes only the

northern boundary line of lot No. 3 of the Ennett lands; whereas, this cause, now under consideration, involves the title to lot No. 2 of the Ennett lands and the "Craig place" is within the boundaries of lot No. 2.

The judgment in the *Sidbury case* provides "that the plaintiff, V. Sidbury, is the owner of lot No. 3 in the division of the Thomas Ennett land, and that its northern boundary is the West Goose Creek Prong from Y to X." This clause of the judgment in the *Sidbury case* confines and interprets the complaint, the issue, and the judgment, as relating only to lot No. 3 of the Ennett lands and fixes the northern boundary of said lot No. 3 at the West Goose Creek Prong.

Therefore, the judgment, relied upon as an estoppel, having restricted the scope of the proceeding to a fixed area, to wit, lot No. 3 of the Ennett lands, and it appearing from the evidence that the land in controversy in this action is outside of the area designated as lot No. 3, the principle of estoppel does not apply. ·

Reversed.