SOUTHERN DISTRIBUTING COMPANY v. WILLIE G. CARRAWAY ET AL.

(Filed 26 September, 1928.)

**1. Estoppel by Judgment—In General—Res Judicata.**

Where it has been formerly adjudicated by final judgment of a court of competent jurisdiction that an execution on a judgment against husband and wife severally will not issue against their land held by them by entirety, the matter is *res judicata*, and operates as an estoppel between the same parties in a subsequent action brought upon the same subject-matter, involving the same question.

**2. Appeal and Error—Nature and Grounds of Appellate Jurisdiction—Motion for New Parties in the Supreme Court.**

A motion to make new parties so as to change the character of the action, when made for the first time in the Supreme Court, will be denied.

APPEAL by plaintiff from *Daniels, J.,* at February Term, 1928, of GREENE.

Civil action to set aside certain deeds as well as deeds of trust and to have judgment held by plaintiff declared a prior lien on the lands described in said instruments.

The essential facts are as follows:

1. At the November Term, 1923, Greene Superior Court, the plaintiff herein, Southern Distributing Company, Inc., procured a judgment against "Emma R. Carraway and Willie G. Carraway, trading as East Carolina Supply Company, and Emma R. Carraway, Henry T. Carraway, and Willie G. Carraway, individually," for $7,894.59, with interest and costs, the same having been entered by consent following a compromise between the parties.

2. Execution was issued on this judgment and the question arose, on exceptions filed by the plaintiff to the return of the appraisers appointed to allot and value the homestead of the defendants therein, as to whether a house and lot situate in the town of Snow Hill was subject to execution under said judgment, it being alleged by the plaintiff herein, the Southern Distributing Company, Inc., "that said house and lot was owned by Henry T. Carraway and Willie G. Carraway, husband and wife, as tenants by the entirety, under and by virtue of a deed executed by W. T. Carraway to Henry T. Carraway and wife, Willie G. Carraway."

3. It was held in said proceeding, as reported in 189 N. C., 420, 127 S. E., 427, that the house and lot in question, alleged by the plaintiff, admitted by the defendants, and found by the court, to be vested in Henry T. Carraway and wife, Willie G. Carraway, as tenants by the entirety under the deed now sought to be set aside, could not be sold under execution to satisfy the judgment rendered therein.

DISTRIBUTING COMPANY v. CARRAWAY.

4. Thereafter, in June, 1925, Willie G. Carraway filed a voluntary petition in bankruptcy, listed the plaintiff's judgment as one of her liabilities, of which the plaintiff was lawfully notified, and on 7 September, 1925, the said Willie G. Carraway duly received her discharge in bankruptcy and was released from any further liability on account of plaintiff's judgment.

5. Later, in 1925 and 1926, two deeds of trust, covering said premises, were executed by Henry T. Carraway and wife, Willie G. Carraway, one to secure a loan of $2,000 from the Jefferson Standard Life Insurance Company, and the other to secure a loan of $300 from the National Bank of Granville County.

6. This suit, instituted since the above proceedings and transactions, is brought by plaintiff to have the entirety deed, above mentioned, set aside as void, and Willie G. Carraway declared the sole owner of said property, and the plaintiff's judgment decreed a prior lien over the deeds of trust held by the defendants Insurance Company and National Bank.

7. Several defenses were interposed, one upon the ground of *res judicata* or estoppel by judgment.

From a judgment holding that Henry T. Carraway and wife, Willie G. Carraway, are owners of the *locus in quo* as tenants by the entirety under the deed in question, and that the discharge in bankruptcy, above mentioned, is a bar to plaintiff's suit, the plaintiff appeals, assigning errors.

*John G. Anderson and Walter G. Sheppard for plaintiff.*
*George W. Lindsay and J. Paul Frizzelle for defendants.*

STACY, C. J., after stating the case: Without considering all the grounds upon which the judgment is based, as it is unnecessary to do so, we think the defendants' plea of *res judicata,* or estoppel, is valid. A claim made or position taken in a former action or judicial proceeding estops the party making such claim to take a conflicting position or to make an inconsistent claim in a subsequent action or judicial proceeding to the prejudice of his adversary, where the parties are the same and the same questions are involved. 16 Cyc., 799. Defining estoppel by judgment, *Pearson, J.,* in *Armfield v. Moore,* 44 N. C., 157, says: "The meaning of which is, that when a fact has been agreed on, or decided in a court of record, neither of the parties shall be allowed to call it in question, and have it tried over again at any time thereafter, so long as the judgment or decree stands unreversed. . . . In other words, his mouth is shut, and he shall not say that is not true which he had before in a solemn manner asserted to be true."

. In the former proceeding it was alleged by the plaintiff therein, also plaintiff herein, admitted by the defendants therein, also defendants herein, and found as a fact by the court, to which no exception was taken, that the particular property here in question was held by Henry T. Carraway and wife, Willie G. Carraway, as tenants by the entirety, under and by virtue of the deed now sought to be set aside, and, in consequence of this fact, it was declared that the said tract of land was not liable to be taken under an execution to satisfy plaintiff's claim, as the defendants, husband and wife, held the property as tenants by the entirety, and plaintiff's judgment was rendered against them individually, and not jointly and severally. *Distributing Co. v. Carraway,* 189 N. C., 420, 127 S. E., 427.

The parties, the subject-matter, and the object sought are the same in both proceedings; and it may be stated as a general rule that a party is not permitted to take a position in a subsequent judicial proceeding which conflicts with a position taken by him in a former judicial proceeding, when the later position disadvantages the adverse party. *Hardison v. Everett,* 192 N. C., 371, 135 S. E., 288; *Barcliff v. R. R.,* 176 N. C., 39, 96 S. E., 644; *In re Will of Lloyd,* 161 N. C., 557, 77 S. E., 955. Such was the holding in *Edwards v. Baker,* 99 N. C., 258, 6 S. E., 255, accurately stated in the headnote as follows: "A judicial determination of the issues in one action is a bar to a subsequent one between the same parties having the same object in view, although the form of the latter and the precise relief sought therein is different from the former."

And further, it is well established by a long line of decisions that when a court of competent jurisdiction renders judgment in a cause properly before it, such judgment estops the parties and their privies as to all issuable matters contained in the pleadings, including all material and relevant matters within the scope of the pleadings, which the parties, in the exercise of reasonable diligence, could and should have brought forward. *Ferebee v. Sawyer,* 167 N. C., 199, 83 S. E., 17; *In re Lloyd's Will,* 161 N. C., 557, 77 S. E., 955; *Tuttle v. Harrill,* 85 N. C., 456.

The rule is stated in *Coltrane v. Laughlin,* 157 N. C., 282, 72 S. E., 961, as follows: "It is well recognized here and elsewhere that when a court having jurisdiction of the cause and the parties renders judgment therein, it estops the parties and their privies as to all issuable matter contained in the pleadings, and though not issuable in the technical sense, it concludes, among other things, as to all matters within the scope of the pleadings which are material and relevant and were in fact investigated and determined on the hearing," citing the following authorities for the position: *Gilliam v. Edmonson,* 154 N. C., 127; *Tyler v. Capehart,* 125 N. C., 64; *Tuttle v. Harrell,* 85 N. C., 456; *Fayer-*

*weather v. Ritch,* 195 U. S., 277; *Aurora City v. West,* 74 U. S., 82, 103; *Chamberlain v. Gaillard,* 26 Ala., 504; 23 Cyc., p. 1502-4-6.

Applying these principles to the facts of the instant case, we think the plaintiff's action was properly dismissed.

Affirmed.

PER CURIAM. The plaintiff's motion to make new parties so as to change the character of the action, lodged for the first time in the Supreme Court, must be denied.