Civil action to recover on contract between defendant and the Tryon Development Company, alleged to have been made for the benefit of the plaintiff.
On 21 April, 1926, the plaintiff entered into a contract with the Tryon Development Company to rebuild a large dam at Lake Lanier. It is alleged that the defendant agreed with the Tryon Development Company to furnish it "an amount sufficient to construct the dam at Lake Lanier." The balance due the plaintiff on its contract at the time of the completion of the work was $26,096.09. A mechanic's lien was filed by plaintiff and $17,311.19 realized therefrom, leaving a balance as of 15 August, 1927, of $8,784.90 due and unpaid. *Page 2 
In October, 1927, the plaintiff instituted a suit against the defendant in Spartanburg County, S.C., to recover this unpaid balance, alleging an original promise on the part of the defendant to pay the same. This action terminated in favor of the defendant.
The plaintiff now brings the present suit alleging that the contract between defendant and the Tryon Development Company to furnish the latter "an amount sufficient to construct the dam at Lake Lanier" was made for its benefit, and that plaintiff is entitled to recover thereon.
The defendant pleads res judicata and the statute of frauds.
From a judgment of nonsuit entered at the close of plaintiff's evidence, it appeals, assigning errors.
Plaintiff seeks to enforce a derivative right, but its evidence falls short of proving the basic contract as alleged between defendant and the Tryon Development Company. Gorrell v. Water Co., 124 N.C. 328,32 S.E. 720; 6 R. C. L., 886. For this reason, the judgment of nonsuit is correct.
But going further, it would seem that the defendant's plea of resjudicata is also well founded. Distributing Co. v. Carraway, 196 N.C. 58,144 S.E. 535.
Affirmed.