ELIZA T. WILSON v. ALLEGHANY COMPANY et al.

(Decided February 21, 1899).

*Injunction in Special Proceedings, When Authorized.*

1. The relief sought by the injunction must be subsidiary to the relief asked in the Special Proceeding. *Hunt v. Sneed,* 64 N. C., 176.

2. In a Special Proceeding to establish lines, under Act of 1893, chapter 22, no substantive relief can be given, and therefore injunction, as an auxiliary remedy, is inapplicable.

APPLICATION FOR INJUNCTION, made in a Special Proceeding to establish boundary lines under Act of 1893, chapter 22, pending before the Clerk of the Superior Court of HYDE County.

A temporary order of restraint had been obtained from his Honor, Judge Norwood, restraining the defendants from commission of trespasses, with order to show cause before his Honor, Judge Brown, why the injunction should not be permanent.

Upon the hearing, Judge Brown denied the injunction and and dismissed the motion, on the ground that the remedy by injunction was inapplicable in a proceeding for establishing boundary lines under Act of 1893, chapter 22.

Plaintiff excepted and appealed.

*Mr. Charles F. Warren,* for plaintiff (appellant).

*Messrs. John H. Small* and *W. B. Rodman,* for defendants.

FURCHES, J. In July, 1898, the plaintiff commenced a Special Proceeding against the defendant Alleghany Com-

pany and others, to have her lands processioned and lines established, under chapter 22, Acts 1893.

In August, 1898, and while the above-mentioned proceeding was still pending, the plaintiff applied to *Brown, J.,* for an injunction, based upon affidavit made in said proceeding, in which she alleged that the defendant company was committing trespasses upon her lands by cutting and carrying timber therefrom. This prayer for injunction was denied and the plaintiff appealed.

We must sustain the action of the Judge in refusing to grant the injunction prayed for, and for the reasons assigned by him. A Judge in some cases of Special Proceedings, pending before the Clerk, may grant injunctive relief, as is held in *Hunt v. Sneed,* 64 N. C., 176, cited and approved in *Sprinkle v. Hutchinson,* 66 N. C., 450. But to authorize the Judge to issue injunctions in cases of Special Proceedings, the relief sought by the injunction must be subsidiary to the relief asked in the Special Proceedings. *Hunt v. Sneed, supra.* That could not be so in this proceeding, which gives no substantive relief—settles no rights, or titles to property, but only locates the dividing lines between the parties. *Williams v. Hughes,* at this term. So the injunction could not be in aid of any relief demanded or attainable in the Special Proceedings to locate the dividing line between the parties, under chapter 22, Acts 1893, and *Hunt v. Sneed* does not aid the plaintiff.

The judgment of the Court refusing the injunction is affirmed.