LEROY P. WILLIAMS v. JOSEPH G. HUGHES.

(Decided February 21, 1899).

*Boundary, Proceeding to Establish—Possession—Title— Issue—Judgment.*

1. The Act of 1893, chapter 22, providing a mode for establishing the boundary lines between adjacent land owners, is a substitute for, and supersedes. the mode of processioning land contained in chapter 48, Vol. I of The Code. *Basnight v. Meekins*, 121 N. C., 23.

2. Possession is sufficient evidence of ownership to entitle the petitioner to relief under the Act; where he is not in possession, and his ownership is denied, it becomes necessary for him, incidentally, to show title, not for the purpose of enabling him to recover the land in this proceeding, but to entitle him to have the dividing line between him and the defendant located and established.

3. An issue sufficiently broad should be submitted, allowing the jury to locate the boundary line according to the evidence, whether in accordance with the contentions of the parties or not.

4. Title not being an *issue* in proceedings under this Act, the judgment should leave out all reference to the title, and only provide for locating the dividing line between the parties, as provided for by the Statute.

PETITION, in the nature of Processioning Proceeding, to establish the boundary line between the plaintiff and defendant, filed before the Clerk of the Superior Court of CAMDEN

WILLIAMS *v.* HUGHES.

County, and transferred for trial of issues at Term, tried before *Norwood, J.,* at Spring Term, 1898.

The petition alleged ownership and possession in the plaintiff. The answer denied both allegations of the petition. The evidence was conflicting. The issues were found in favor of the plaintiff. The charge of his Honor, as excepted to by defendant, and also the issues are stated in the opinion.

Judgment in favor of plaintiff.

Appeal by defendant.

*Mr. E. F. Aydlett,* for defendant (appellant).
*Mr. G. W. Ward,* for plaintiff.

FURCHES, J. This is a proceeding under chapter 22, Acts of 1893, for the purpose of locating and establishing the boundary lines between plaintiff and defendant.

The plaintiff filed his petition with the Clerk of the Superior Court, in which he alleges that he is the owner of certain lands adjoining the lands of the defendant—names the lines in dispute, and locates the same, as he claims them to be.

The defendant answers and denies the plaintiff's allegations and specially denies that plaintiff is the owner of any lands adjoining his lands, and the trial seems to have proceeded upon the allegations of the plaintiff and the denials of the defendant.

This is a new statute and has been before this Court for consideration in but one case that we remember. In that case it is said that it was intended to take the place of chapter 48, Volume I of The Code, which it expressly repealed. And we do not think is was intended to try title to land under this statute, but to procession, locate and establish the lines between adjacent land owners. It gives the right to the *owners* of land, and provides that the *occupancy* of land by the peti-

tioner shall be sufficient evidence of *ownership* to entitle the petitioner to relief under this act. Therefore, where the petitioner is not occupying the land, or is not in possession of the same, as was said in *Basnight v. Meekins,* 121 N. C., 23, and the defendant denies the title of the petitioner, it becomes necessary for him to show title, not for the purpose of enabling him to recover the land, but to entitle him to have the dividing line between him and the defendant located and established.

Whether this title should be such as would entitle the petitioner to recover in an action of ejectment, or only such title as would entitle him to possession as against defendant, need not be decided in this case, because, if the plaintiff had any title, it seems to have been derived from defendant.

Under the pleadings, the Court submitted two issues:

1. "Is plaintiff the owner of the land described in section 1 of his complaint ?"

2. "Are the true boundary lines between plaintiff and defendant those set out in section 3 of the complaint ?" Both of these issues were answered in the affirmative.

It seems to us that it was not necessary to submit the first issue as a distinct proposition, as the title was only incidentally in question, but that it would have been sufficient if the Court had charged the jury that, if they found from the evidence that the petitioner was the owner of the land mentioned in his petition or was in possession of the same, they would proceed to locate the boundary lines between the plaintiff and defendant. And for this purpose it seems to us that it would be better to broaden the second issue by allowing the jury to locate the boundary line, whether it was where the petitioner alleged it was or not. But this seems to have been sufficient in this case as it was not objected to, and as the jury found that the dividing line was where the petitioner alleged it to be.

WILLIAMS *v.* HUGHES.

While we do not think it was necessary to submit the first issue, we do not say that it was erroneous in the Court to have done so.

There are three exceptions taken by the defendant, neither one of which can be sustained:—

The first is, "The defendant asked the Court to charge the jury that, if they believed all of the evidence, the land described in the allotment of the homestead covers the land described in the petition of plaintiff, and they should answer the first issue, "No." This prayer was refused and the defendant excepted. This prayer could not have been given as the evidence was conflicting as to whether it did or not.

The Court, among other things, charged the jury, "That it was only necessary to show possesion, and if they found that the plaintiff was in possession of the land described in the petition, they would answer the first issue, 'Yes.' " To this the defendant excepted. It seems to us that this was in effect telling the jury that if they found that the petitioner was in possession of the land described in the petition, that was sufficient evidence of ownership to entitle the plaintiff to have the dividing line located. This is within the express provisions of the statute.

The Court also charged the jury that "upon all the evidence they could say where the line was." To this the defendant excepted. This exception can not be sustained.

While we find no error for which a new trial should be granted, we are of the opinion that as title is not an *issue* in proceedings under this statute, the judgment should be so reformed as to leave out of it all reference to the title to the lands described in the petition, and should only provide for locating the dividing line between plaintiff and defendant, as provided for by the statute. The judgment thus reformed will be affirmed.

Modified and affirmed.