JOHN L. VANDYKE v. T. C. FARRIS *et al.*

(Decided May 29, 1900.)

*Ejectment—Processioning Proceeding, Act 1893, Chapter 22—No Estoppel.*

Processioning proceeding, previously had between the parties, under Act 1893, chap. 22, and judgment of the clerk therein no bar to an action of ejectment subsequently instituted to determine the title between the same parties.

EJECTMENT, tried before *Starbuck, J.,* at Fall Term, 1898, of GASTON Superior Court.

The defendants pleaded as an estoppel a processioning proceeding between the parties under Act 1893, chap. 22, and judgment of the Clerk locating the lines between them and taxing plaintiff with the costs, October 10, 1893, which were admitted to be all regular.

This action was commenced February 1, 1896. His Honor sustained the plea, adjudged the processioning proceeding to be a bar to the present action, and so instructed the jury who rendered a verdict in favor of defendants.

Plaintiff excepted and appealed.

*Messrs. Webb & Webb,* for appellant.
*Mr. George F. Bason,* for appellee.

FAIRCLOTH, C. J. This is an action of ejectment. The defendant after denying the allegations of the complaint, entered a plea in bar of the action, and the case was tried on that plea alone. His Honor held that the evidence and judgment relied on in support of the plea were an estoppel against the plaintiff, and the plaintiff appealed. The plea was, that in 1893 the plaintiff instituted a processioning pro-

ceeding before the Clerk against the defendant to locate the line between plaintiff and defendant, under the Act of 1893, chap. 22, and that judgment was entered against the plaintiff for costs, from which no appeal was taken.

At the trial of the present action, it was admitted by the plaintiff that said processioning proceeding and judgment therein were in all respects regular and in strict compliance with the Act of 1893, chap. 22. It was admitted by both parties that the question presented is, whether, after said processioning proceeding, the plaintiff can bring an action in the Superior Court to recover the same land. We have to consider this question without any argument or authorities cited by counsel. Does the proceeding before the Clerk, and his judgment therein, simply establish a line between the parties without determining the title to the land on either side of the line? The Act of 1893, chap. 22, repeals chap. 48 of The Code. That chapter was an innovation on the common-law remedy in settling titles to land, and is therefore to be strictly construed. Several cases came to this Court thereunder, but practically nothing was accomplished in any case. The original act indicated that two processionings would be conclusive as to title. As amended, Code, sec. 1929, it declared that "any person whose land shall be processioned to him, according to the direction of this chapter, shall be deemed and adjudged to be the sole owner thereof; and upon any suit commenced for such lands the party in possession may plead and give the proceedings under this chapter in evidence." And singularly no decision has been found on the question now presented. The inference is that under The Code, chap. 48, the processioning proceedings would establish title, and hence this Court required strict conformity in every particular.

In *Hoyle v. Wilson,* 29 N. C., 466, RUFFIN, C. J., said: "Indeed, the very important and conclusive effect given by the

statute to these inquisitions, whereby two of them vest an absolute title, requires the Court to exercise the utmost vigilance to prevent surprise and injury to the true owners of land, by tolerating any undue laxity in the proceedings."

In *Cansler v. Hoke,* 14 N. C., 268, HALL, J., for the Court, said: "When I observed that the first act * * * declared that any person whose land was twice processioned according to that act, shall be deemed and adjudged the sole owner of such land, and that it was supposed that clause gave a title to land which might be twice processioned under the Act of 1792, I could not but consider it as a proceeding fraught with danger to the rights of land proprietors, and felt myself altogether justified in throwing every legal impediment in the way of a title to be thus consummated."

The Act of 1893 contains no language similar to that above quoted, Code, sec. 1929, on which the remarks of Judges RUFFIN and HALL were predicated, and leave the inference that the Legislature desired no longer to continue the danger referred to by those Judges.

In *Williams v. Hughes,* 124 N. C., 3, it was held that in processioning under the Act of 1893, chap. 22, the title was not in *issue,* and in *Wilson v. Alleghany Co.,* 124 N. C., 7, that an auxiliary remedy by injunction could not be given in such processioning proceedings, because there was no substantive relief under said act.

Upon these considerations and our own reasoning, our opinion is that the Act of 1893, chap. 22, provides that a line or lines may be established as therein provided if the parties desire to do so, but does not prohibit either party from asserting his rights as to the title to the same land. What benefit the act confers to the citizen, it is not our province to say.

We think therefore that his Honor was in error in holding that the defendant's plea was a bar to the plaintiff's action.

Error.