MIDGETT v. MIDGETT.

(Filed September 10, 1901.)

1. PROCESSIONING—*Title—Boundaries—Acts 1893, Ch. 22.*

　　Title to land can not be tried under Acts 1893, Ch. 22, it apply-
　　ing only to the establishment of boundary lines.

2. EVIDENCE—*Grant—Processioning—Possession—Title.*

　　In an action to procession land, the petitioner not being in pos-
　　session, he may offer a grant from the state to show title,
　　but title being out of the state at time grant was issued,
　　the grant conveyed no title.

ACTION by W. W. Midgett against J. D. Midgett, heard
by Judge *Thos. A. McNeill* and a jury, at Fall Term, 1900,
of DARE County Superior Court. From a judgment for the
plaintiff, the defendant appealed.

*W. M. Bond* and *B. G. Crisp,* for the plaintiff.
*E. F. Aydlett* and *F. H. Busbee,* for the defendant.

FURCHES, C. J.　This is a proceeding commenced before
the Clerk of DARE Superior Court, under Chapter 22, Laws
1893.　This act seems to have been intended as a substitute
for the old processioning act, and it has been so many times
held by this Court that it settles nothing as to title, that we
are somewhat surprised to see that it should have been used
in this proceeding instead of a civil action. *Vandyke v.
Farris,* 126 N. C., 744; *Williams v. Hughes,* 124 N. C., 3;
*Wilson v. Alleghany Co.,* 124 N. C., 7.

But besides this, it appears to us from the case on appeal,
the map exhibited (which the reporter will insert) and the
argument of the case, that Chapter 22, Laws of 1893, has
nothing to do with it.　If the plaintiff has any right under

his grant of 1899, it is in ejectment. There is no evidence tending to show that the plaintiff was the owner of the land he claimed or that he was in possession, except the grant of 1899. It was flatly denied by defendant that the plaintiff was the owner, or that he was in possession, and yet the Court refused to submit an issue as to title, or possession, or to charge the jury as to the same; but charged the jury: "That it was purely a question of fact for them to say where the lines were and after weighing all the evidence, both for the plaintiff and defendant, and giving due weight to the same, it was for them to say how it was and to answer the issues accordingly." This was error.

But this appears to us to be a remarkable case. In 1858 Edward Mann made a will in which he devised this land to his four sons, as tenants in common, to be equally divided among them "share and share alike," designating the order in which they should take, commencing at Caroon's line. This will was probated in 1861, and the plaintiff is the purchaser from one of the four devisees.

The defendant claims under a deed from Thomas R. Mann, for his interest under the will of Edward Mann, dated in April, 1884. The plaintiff claims the interest of W. K. Mann, under a deed from T. M. Gard, dated April, 1892, stating that it conveys W. K. Mann's interest, under the will of Edward Mann, and calls for the line of the defendant as one of its boundaries.

After the plaintiff obtained his deed from Gard for W. K. Mann's interest in the Edward Mann lands, he commenced a proceeding in the Superior Court of Dare County before the Clerk, alleging that he was a tenant in common with the other devisees of Edward Mann, and demanded a partition of the same—the defendant, John D. Midgett, being one of the defendants in that proceeding, 117 N. C., 8, and 120 N. C., 4. In that proceeding the defendants admitted that the plaintiff was the owner of W. K. Mann's interest in the .

MIDGETT *v.* MIDGETT.

Edward Mann lands, devised to W. K. Mann, but denied that they were tenants in common with him. And upon the final hearing it was held that the plaintiff was sole seized and that the defendants were not tenants in common with him, 120 N. C., 4.

The plaintiff then brought an action of trespass, but afterwards withdrew that action. He then obtains his grant of 1899, and commences this proceeding under Chapter 22 of the Laws of 1893.

We do not see how this proceeding can be sustained. The contention of the plaintiff as shown by the map fails to show a disputed dividing line between the plaintiff and defendants; but only a dispute of title—if it shows anything. This can not be tried under the Act of 1893.

There was no error in allowing the plaintiff to offer his grant in evidence, but if the title to the land it covered was out of the State at the time it was issued (as it seems to have been), it conveyed no title, and it was the duty of the Court to so have instructed the jury. We do not see how the plaintiff can proceed—certainly he can not as the case is now presented to us.

Error.