PARKER v. TAYLOR.

(Filed September 29, 1903.)

BOUNDARIES—*Processioning—Trespass—Damages—Estoppel—Former Adjudication—Acts 1893, ch. 22—The Code, secs. 1924-1931.*

> In a special proceeding to determine boundary, where the defendant raises no issue of title and takes no appeal, the judgment of the clerk determining the boundary is *res judicata* in a subsequent action between the parties for cutting timber beyond the boundary so established.

ACTION by John C. Parker against John R. Taylor and others, heard by Judge *M. H. Justice* and a jury, at Spring Term, 1903, of the Superior Court of GATES County. From a judgment for the defendants the plaintiff appealed.

*W. M. Bond,* for the plaintiff.
*L. L. Smith,* for the defendant.

CLARK, C. J. When the occupants of adjoining tracts differ as to the location of the boundary line between them, but in no wise question the title of each other to their respective tracts, it would be an evident hardship to drive one of them to an action of ejectment in the Superior Court, and to establish a chain of title which the other does not dispute. There should be, in such cases, some cheaper and more speedy proceeding to establish the boundary line between them. The old "Processioning Act" originally passed 1723 (chapter 48 of The Code), having proved defective for that purpose, the General Assembly repealed it and enacted in its stead chapter 22, Laws 1893, which provides that "the owner of land, any of whose boundary lines are in dispute, may establish said line or lines by special proceeding" in the county where the land or any part thereof is situated. The act provides for

the method of procedure, and that if answer is filed denying the location of the boundary, a survey shall be ordered, and, after hearing the cause, the Clerk may give "judgment determining the location" of said boundary line, with right to either party to appeal to the Superior Court at term for a trial by a jury *de novo* of the issue. This last provision cures the objection urged against the former statute. *Brill v. Benton,* 79 N. C., 177.

In a special proceeding for partition, if the plea of sole seizin is set up, the issue of title is transferred to the Court at term for trial, and the action becomes substantially an action of ejectment. *Purvis v. Wilson,* 50 N. C., 22; 69 Am. Dec., 773; *Alexander v. Gibbon,* 118 N. C., 796; 54 Am. St. Rep., 757; *Huneycutt v. Brooks,* 116 N. C., 788; *Bullock v. Bullock,* 131 N. C., 29. In this special proceeding to determine boundary, whether if the defendant by his answer raises an issue of title, the cause should in the same manner be transmitted to the Court at term, thenceforward to be proceeded in as if originally brought to determine the issue of title as in action of ejectment, *In re Anderson,* 132 N. C., 247; *Roseman v. Roseman,* 127 N. C., 494, is not a matter before us. But when the answer raises only an issue of boundary, the judgment of the Clerk is a final determination of that issue, unless appealed from, in which case the verdict of the jury and judgment would be final as to the boundary. The statute provides that "occupation of land shall constitute sufficient ownership for the purposes of this act." The sole purpose is to locate the boundary between adjoining proprietors who do not question each other's title to their respective tracts, for if an issue as to title is raised by the answer, the cause would be transferred, as already said, to the Court at term.

This present action is for trespass in cutting timber beyond a dividing line which had thus been determined in a

special proceeding formerly had between the plaintiff herein (defendant in that proceeding) and the parties under whom the defendants claim (plaintiffs in such former proceeding), and the defendants plead said judgment as an estoppel. The record of the former proceeding and judgment therein was pleaded and shown in evidence, and the plaintiff admitted that according to the line as located by said judgment the *locus in quo* was on the defendant's side thereof. His Honor thereupon intimated an opinion that the plaintiff could not recover, in deference to which he took a nonsuit and appealed.

There was no error. The line was located by a judgment to which the plaintiff and those under whom these defendants claim were parties. The plaintiff, who was defendant in the former action, did not therein raise any issue as to title and have it tried as he might have done, and the adjudication as to this being the true boundary is *res judicata.*

The judgment of the Clerk "determining the location" of the line is authorized by the statute, and is conclusive of that fact upon parties and privies to said action. *Williams v. Hughes,* 124 N. C., 3; *Midgett v. Midgett,* 129 N. C., 21.

No error.