## SMITH v. JOHNSON.

(Filed November 30, 1904).

1. PROCESSIONING—*Boundaries—Acts 1893, chap. 22.*

    In this action to establish boundaries the evidence of title of plaintiff and the location of the boundary lines was sufficient to be submitted to the jury.

2. PROCESSIONING—*Superior Courts—Clerks of Courts.*

    Where, in processioning, the defendant denies the title of the plaintiff as well as the location of the boundary lines, the clerk should transfer the case to the superior court for the trial of the issue as to title.

3. PROCESSIONING—*Superior Courts—Clerks of Courts.*

    Where, in a processioning action, the defendant denies the title of the plaintiff as well as the location of the boundary lines, and there is an appeal from the decision of the clerk on both issues, the superior court should try both issues by a jury.

ACTION by W. P. Smith and others against Taylor Johnson and another, heard by *Judge W. H. Neal,* at Spring Term, 1904, of the Superior Court of ALEXANDER County.

This is a special proceeding under chapter 22, Acts of 1893, to establish a boundary line, begun before the Clerk of the Superior Court of Alexander County. The plaintiffs

alleged that they were the owners of a certain tract of land fully described and that the defendants were the owners of adjoining land and that the dividing line between the land of the plaintiffs and defendants was in dispute, the plaintiffs setting out their contention and asking that a survey be ordered and the true line established in accordance with the provisions of statute. The defendants deny the material allegations of the complaint and set forth the lines of the land claimed by them. They deny that plaintiffs own any land adjoining them. They also allege that they and their ancestors have been in possession of the land claimed by them under known and visible boundaries, for more than fifty years. Upon the filing of the answer the Clerk directed a survey to be made showing the contentions of both parties. Pursuant to the order the surveyor duly filed his report, setting forth that he had surveyed the lines in controversy. He sets out in detail the several lines, showing by a map the contention of each party. The report is clearly and intelligently made. The Clerk thereupon heard the cause upon the report, hearing evidence and argument of counsel, and adjudged that the plaintiffs are entitled to the line in controversy established as asked for in their petition, and on the report of the surveyor he adjudged the true line to be from the points set out in his judgment as indicated on the map and ordered that the county surveyor go upon the lands, mark and establish the line as located by him. From this judgment the defendants appealed. The case came on for trial in the Superior Court upon said appeals. The case on appeal states that "After reading the pleadings as set forth in the record, upon issues submitted as shown by the record, the plaintiffs introduced the following evidence." Following this statement the evidence is set out in full. Whereupon the following judgment was rendered: "At the conclusion of the plaintiffs' evidence the defendants moved for a nonsuit against the plaintiffs, for that

in no aspect of the case on the plaintiffs' evidence when the plaintiffs rested were plaintiffs entitled to the relief demanded. After argument on both sides upon this motion to nonsuit the plaintiffs, and the whole record, it is considered and adjudged by the Court that the motion of the defendants to nonsuit the plaintiffs is sustained. From this judgment the plaintiffs appealed.

*McIntosh & Burke,* for the plaintiffs.
No counsel *contra.*

CONNOR, J., after stating the case: Neither the record nor the case on appeal states upon what ground the motion for judgment of nonsuit was based, and we are not favored with any argument or brief on the part of the defendants. The plaintiffs' brief states that the following issue was submitted to the jury: "What is the true boundary line between plaintiffs and defendants?"

Chapter 22. Acts 1893, provides "That the owner of land, any of whose boundary lines are in dispute, may establish said line or lines by special proceedings. * * * The owner shall file his petition stating facts sufficient to constitute the location of said line or lines, and making defendants all adjoining owners whose interest may be affected by the location of said line. If the answer deny the location set out in the petition, the Clerk shall issue an order according to the contention of both parties and make report of the same with a map. * * * The cause shall then be heard by the Clerk and judgment given determining the location thereof." Provision is made for an appeal.

This Court said in *Williams v. Hughes,* 124 N. C., 3: "We do not think it was intended to try title to land under this statute, but to procession, locate and establish the lines between adjacent land-owners. It gives the right to the

*owners* of the land and provides that the *occupancy* of land by the petitioner shall be sufficient evidence of *ownership* to entitle the petitioner to relief under this act." In that case the issues were confined to the ownership of the land by the plaintiff, and the inquiry whether the true boundary lines between the plaintiff and defendant were those set out in the complaint. The Court referring to the issue said: "And for this purpose' it seems to us that it would be better to broaden the second issue by allowing the jury to locate the boundary line, whether it was where the petitioner alleged it to be or not." . The two questions presented by the record in this case, both of which should have been submitted to the jury, are, first, whether the plaintiffs were the owners of the land described in the complaint, and second, what was the true dividing line between them and the defendants. There was certainly some evidence to go to the jury upon the first question. The plaintiffs testified that they were in possession of the land described in the map. In the absence of any map we must assume that they referred to the same land which is referred to in the judgment of the Clerk. If the jury found that the plaintiffs were the owners, and for that purpose it was sufficient to show that they were in the occupancy of the land, the only question for them to determine was the location of the true boundary line between the occupancy of the land, the only question for them to determine was the location of the true boundary line between the plaintiffs and defendants. In *Williams v. Hughes, supra,* the Court charged the jury "That upon all the evidence they could say where the line was." This instruction was approved by this Court. The purpose of this special proceeding, as set forth in the statute and frequently held by this Court, is not to try the title to the land but only to ascertain the boundary lines. *Midgett v. Midgett,* 129 N. C., 21; *Vandyke v. Farris,* 126 N. C., 744, in which it is expressly

held that the title was not in issue, the Court saying that by pursuing the provisions of the act the lines between the parties may be established, but this did not prohibit either party from asserting his rights to the title of the same land—the *Chief Justice* saying: "What benefit the act confers to the citizen it is not our province to say." In *Parker v. Taylor,* 133 N. C., 104, it is held that the judgment of the Clerk determining the location of the line is conclusive upon parties and privies to the action. It would seem that from what is said by the present *Chief Justice* in that case that upon the issue raised by the answer upon the plaintiff's first allegation, the cause should have been transferred to the Superior Court for trial as in other cases of special preceeding. If the jury had found that the plaintiff was the owner of the land described in his complaint, the case would have been remanded with direction to the Clerk to proceed to have the line in dispute settled; if he was not the owner, the proceeding should have been dismissed.

As the Clerk proceeded to direct the survey before trying the issue, and the whole cause without objection went to the Superior Court upon appeal, the two questions should have been tried there before the jury. We presume that this was his Honor's view, and that in his opinion the plaintiffs failed to show ownership or occupancy of the land claimed by them. Without the benefit of a map, it is impossible for us to see exactly how the matter was, but as the judgment is of nonsuit, the testimony must be taken most favorably for the plaintiffs. We assume that in saying "I am in possession of the land on plat, blue 1, 2, 3, 4, to 1," * * * he referred to the land described in his complaint. While in many cases the judgment of nonsuit, where it clearly appears that in no aspect of the testimony the plaintiff is entitled to recover, is proper, it is the better practice to submit the questions raised by the pleadings to the jury under proper instructions,

so that a verdict may be rendered settling the matters in controversy.

We think upon examination of the entire record that there was error in the judgment of nonsuit. There was some evidence to go to the jury upon the question of ownership evidenced by occupancy. Let it be so certified.

Error.