O. P. WHITAKER v. CLINGMAN GARREN.

(Filed 16 December, 1914.)

1. **Processioning Lands—Issues—Title—Estoppel—Judgment.**

While prior to the act of 1903, now Revisal, 717, title to lands were not affected by proceedings to procession lands, now the dividing line may be established without putting the title in issue, or the parties may also join issue upon the title; and where the first course is pursued a judgment in the proceeding is an estoppel as to where the line is located, and in the second event the case is transferred to the Superior Court in term upon issues joined as to the title, and a judgment of the court therein estops the parties both as to the title and the location of the line.

2. **Same—Controverted Matters—Evidence—Interpretation of Statutes.**

As to whether the party in an action involving title to lands is estopped by a judgment formerly rendered in processioning proceedings to deter-

mine the true dividing line between himself and another, parol evidence is admissible to show whether or not the title as well as the boundary of the land was properly embraced in and determined by the judgment in former proceedings, or whether the issue as to the true location of the line was raised and determined by merely showing occupancy of the parties without involving the issue as to title, Revisal, sec. 326; and in this case it is held for error under the defendant's exceptions that the trial judge withdrew from the consideration of the jury the processioning proceedings, which had been introduced, and instructed them not to consider them in any view, it therein appearing that the parties were claiming under mesne conveyances under separate grants from the State, and that the court "settled and adjudged the true line between the said grants, and between the parties, in accordance with the defendant's contention."

HOKE, J., dissenting.

APPEAL by defendant from *Cline, J.,* at May Term, 1914, of HENDERSON.

This is an action to recover land, and for damages for cutting and removing timber from the disputed part thereof.

The plaintiff claims the land in dispute as part of a tract of land granted from the State to Alf. Williams, 17 December, 1862, and conveyed by Alf. Williams to W. R. Williams, with covenants of seizure and full warranty, 31 May, 1870, and by Johnson Ashworth, administrator of W. R. Williams, to John W. Whitaker, 2 January, 1883, and conveyed by Sallie Whitaker *et al.,* representatives of John W. Whitaker, to O. P. Whitaker, 24 June, 1905.

There was a controversy as to the location of the Williams grant.

It was admitted by the plaintiff that the J. E. Lyda grant covers the land in controversy.

The defendant claims the land in dispute as a part of a tract of land granted from the State to J. E. Lyda, 1 December, 1871, and conveyed by J. E. Lyda to J. L. Whitaker, 24 January, 1884, and conveyed by J. L. Whitaker and wife, N. A. Whitaker, to J. C. Garren and wife, Mary Garren, which wife, Mary Garren, is still living.

In the year 1906 the plaintiff O. P. Whitaker brought a special proceeding before the clerk of the Superior Court of Henderson County, against the defendant Clingman Garren herein, to have the lines between the above mentioned grants, and between the plaintiff O. P. Whitaker and the defendant Clingman Garren, run and established as provided by law in such proceedings; and at the same time his sister, Martha Rhodes, now Martha Laughter, brought a similar proceeding against the same defendant, Clingman Garren, for the same purpose; and said matters coming on to be heard, were consolidated and heard by the clerk, together, in which proceeding the clerk settled and adjudged the true line between the said grants, and between the parties thereto, according to the

contention of and in favor of the defendant herein, and to be those lines shown on the map used in this case, towit: Those lines from the C O, third corner of the Lyda grant, to the B O marked "A W," the fourth corner of said Lyda grant, and from said B O to a locust, the fifth corner of said Lyda grant. And upon the hearing of this cause the aforesaid sister of O. P. Whitaker, Martha Laughter, having also brought a suit against the defendant herein, Clingman Garren, for the same purpose as. the suit of the said O. P. Whitaker, both of said causes were tried together.

The processioning proceeding was introduced in evidence, but his Honor afterwards withdrew it from the jury and instructed them they must not be influenced by it in any way, and defendant excepted.

There was a verdict and judgment in favor of the plaintiff, and the defendant appealed.

*Smith & Shipman for plaintiffs.*
*McD. Ray and O. V. F. Blythe for defendant.*

ALLEN, J. Prior to 1903 it was generally held that proceedings under the processioning act of 1893 did not affect the title.

The Court said in *Williams v. Hughes,* 124 N. C., 3: "We do not think it was intended to try title to land under this statute, but to procession, locate, and establish the lines between adjacent landowners." In *Wilson v. Alleghany Co.,* 124 N. C., 7, the proceeding "settles no rights or titles to property, but only locates the dividing lines between the parties." In *Vandyke v. Farris,* 126 N. C., 746, it "does not prohibit either party from asserting his rights as to the title to the same land," and in *Midgett v. Midgett,* 129 N. C., 21, "it settles nothing as to title."

In 1903 an act was passed by the General Assembly (Rev., 717) providing that: "In special proceedings which have been or may hereafter be begun it shall be competent for any defendant or other party thereto to plead any equitable or other defense, or ask any equitable or other relief in the pleadings which it would be competent to ask in a civil action; and when such pleas are filed the clerk shall transfer the cause to the civil-issue docket for trial during term upon all issues raised by the pleadings. It shall be competent for the trial judge to allow amendments to the pleadings and interpleas in behalf of any person claiming an interest in the property, with a view to substantial justice between the parties."

Since the enactment of this statute the parties may under the processioning act establish the dividing line without putting the title in issue, or they may join issue also upon the title.

If the first course is adopted the judgment is an estoppel as to where the line is located, but not as to title, and under the second the issues raised are transferred to the Superior Court in term and the judgment estops as to title and as to the location of the line. *Parker v. Taylor,* 133 N. C., 105; *Davis v. Wall,* 142 N. C., 452; *Woody v. Fountain,* 143 N. C., 70; *Green v. Williams,* 144 N. C., 63; *Brown v. Hutchison,* 155 N. C., 206.

The Court said in the *Parker case:* "This present action is for trespass in cutting timber beyond a dividing line which had thus been determined in a special proceeding formerly had between the plaintiff herein (defendant in that proceeding) and the parties under whom the defendants claim (plaintiffs in such former proceeding), and the defendants plead said judgment as an estoppel. The record of the former proceeding and judgment therein was pleaded and shown in evidence, and the plaintiff admitted that according to the line as located by said judgment the *locus in quo* was on the defendants' side thereof. His Honor thereupon intimated an opinion that the plaintiff could not recover, in deference to which he took a nonsuit and appealed.

"There was no error. The line was located by a judgment to which the plaintiff and those under whom these defendants claim were parties. The plaintiff, who was defendant in the former action, did not therein raise any issue as to title and have it tried, as he might have done, and the adjudication as to this being the true boundary is *res judicata.* The judgment of the clerk 'determining the location' of the line is authorized by the statute, and is conclusive of that fact upon parties and privies to said action." And in the *Davis case:* "It is true that a processioning proceeding is for a settlement of a boundary line, title not being involved; but if the defendant therein denies the title of the plaintiff, as well as the location of the boundary line, upon the issue of title thus raised the case would have been transferred to the Superior Court at term for trial, and tried as if the action had been originally brought in that court, just as when an issue of title is raised in proceedings of partition. *Smith v. Johnson,* 137 N. C., 43; *Stanaland v. Rabon,* 140 N. C., 202. Not having raised such issue, the defendant is estopped by the judgment in that action from denying the boundary thus determined to be the true line, and from now asserting title to any land beyond it. *Parker v. Taylor,* 133 N. C., 105."

The real difficulty is in determining the effect and extent of the estoppel when title is not in issue, and this arises because occupation of land is sufficient evidence of ownership for the purposes of the statute (Revisal, sec. 326), and the difficulty must be solved by resort to the principles governing estoppels by judgment.

In *Coltrane v. Laughlin,* 157 N. C., 287, the Court said: "It is well recognized here and elsewhere that when a court having jurisdiction of the·cause and the parties renders judgment therein, it estops the parties and their privies as to all issuable matter contained in the pleadings, and though not issuable in the technical sense, it concludes,. among other things, as to all matters within the scope of the pleadings which are material and relevant and were in fact investigated and determined on the hearing. *Gillam v. Edmonson,* 154 N. C., 127; *Tyler v. Capehart,* 125 N. C., 64; *Tuttle v. Harrell,* 85 N. C., 456; *Fayerweather v. Ritch,* 195 U. S., 277; *Aurora City v. West,* 75 U. S., 82, 103; *Chamberlain v. Gaillard,* 26 Ala., 504; 23 Cyc., pp. 1502-4-6. 'A judgment is decisive of the points raised by the pleadings, or which might be properly predicated upon them; but does not embrace any matters which might have been brought into the litigation, or causes of action which the plaintiff might have joined, but which in fact are neither joined nor embraced by the pleadings.' "

Under the old rules of the common law the matters investigated and determined could only be ascertained by an inspection of the record; but now parol evidence is admissible for that purpose. *Yates v. Yates,* 81 N. C., 397; *Person v. Roberts,* 159 N. C., 173; *Clothing Co. v. Hay,* 163 N. C., 499.

If, therefore, the judgment estops as to the matters put in issue and litigated and determined (and the statute would be useless if this effect cannot be given to it), and if these matters may be shown by parol, it follows that the extent of the estoppel depends on what is tried.·

If the parties to the proceeding are mere occupants, the adjudication as to the dividing line does not affect the title, and only determines the right to possession on either side of the line; but if they are adjoining owners, and the location of the deeds and grants under which they claim is put in issue and determined, they cannot afterwards litigate this·location and contend that the lines of their deeds and grants are *at some other place* than the one settled by the proceeding.

In neither case is the title adjudicated, although in many instances the location of the deeds and grants may have an important bearing as evidence on the trial of an issue of title.

This construction gives some vitality to the statute, and is fraught with no dangers, as the parties can always put the title in issue; and whether this is done or not, either party may appeal to the Superior Court in term, and have a hearing before a jury *de novo.*

If these principles are applied, it follows that his Honor was in error when he withdrew from the jury the processioning proceeding and instructed them they must not be influenced by anything that was done in that proceeding, as it appears from the case on appeal that the plain-

tiffs claim under the Williams grant, and the defendants under the Lyda grant; that one of the facts in controversy in this action is the location of the Williams grant, and that in the processioning proceeding the court "settled and adjudged the true line between the said grants, and between the parties thereto, according to the contention of and in favor of the defendant."

A new trial is ordered.

New trial.

HOKE, J., dissenting: The primary purpose of proceedings of this character is to ascertain and establish an uncertain or disputed line between adjoining proprietors. In several well considered decisions of the Court it has been held that the parties may, by their pleadings, raise the issue as to title, and, when this is done, the statute directs that the cause be transferred to the Superior Court in term, and becomes, in effect, a civil action to try title to land.

Unless this issue is made and the cause transferred, the proceedings remain as they were instituted, before the clerk; and he has no jurisdiction to settle questions of title. He can only ascertain and define the disputed or doubtful line, and if, in the course of proceedings, it appears that the parties, under the guise of a proceeding to settle boundary, are in fact endeavoring, wittingly or unwittingly, to determine title, the clerk should dismiss the case; or if he does not, and proceeds to determine a dividing line, which in effect settles the title, his decision is of none effect, and the litigants may, in a proper action, have the true title declared and, as an incident thereto, settle and determine the true boundary. This is what our decisions mean when they hold, as they have in many cases, "That title to land cannot be tried under the processioning act"; and further: "That processioning proceedings had between parties and the judgment of the clerk therein are no bar to an action of ejectment, subsequently instituted to determine the title between the same parties." *Midgette v. Midgette,* 129 N. C., 21; *Vandyke v. Farris,* 126 N. C., 744.

It is true, as stated in the opinion, that "where the purpose of the proceeding is to settle a question of boundary, the judgment of the clerk should work an estoppel as to *where* the dividing line between two tracts is"; but when, from a perusal of the pleadings and the facts in evidence, it clearly appears that the issue presented is not one of establishing a divisional line, but is in fact and in truth an issue of title, the jurisdiction of the clerk is at an end, and his judgment should not be allowed the effect of an estoppel; and so it is here. This plaintiff, in a former suit, mistaking his remedy, applied to the clerk to settle the boundary line between him and defendant. There was no issue

of title raised by the pleadings. The cause was not transferred, and the clerk proceeded to hear evidence and decide the issue, establishing the line as claimed by defendant. An examination of the former suit and the facts in evidence will show that establishment of the divisional line was not the matter in dispute at all, save as an incident of the graver question of title.

Plaintiff claimed under a grant to Alfred Williams, 12 December, 1862; defendant, under a grant to J. F. Lyda, in 1871; and the location of the Lyda grant, as claimed by defendant, will cover not less than two-thirds of the Williams grant, located as claimed by plaintiff. And the clerk, to my mind, being entirely without jurisdiction, has proceeded to settle this issue.

True, he calls it a judgment settling a disputed line; but it was not the case of a dividing line at all, but a question of lappage, affecting the title to two-thirds of the plaintiff's property.

The question of estoppel by judgment and the decisions thereon, so clearly stated in the opinion of the Court, are only applicable when the court rendering the judgment had jurisdiction of the cause and the parties.

In this case the clerk was without jurisdiction to adjudicate or determine the question at issue, and, in my opinion, and under the numerous decisions on the subject, the court below was right in ignoring the action of the clerk and in trying the cause *de novo.*