HOKE, J., dissenting.
This is an action to recover land, and for damages for cutting and removing timber from the disputed part thereof. *Page 721 
The plaintiff claims the land in dispute as part of a tract of land granted from the State to Alf. Williams, 17 December, 1862, and conveyed by Alf. Williams to W. R. Williams, with covenants of seizure and full warranty, 31 May, 1870, and by Johnson Ashworth, administrator of W. R. Williams, to John W. Whitaker, 2 January, 1883, and conveyed by Sallie Whitaker et al., representatives of John W. Whitaker, to O. P. Whitaker, 24 June, 1905.
There was a controversy as to the location of the Williams grant.
It was admitted by the plaintiff that the J. E. Lyda grant covers the land in controversy.
The defendant claims the land in dispute as a part of a tract of land granted from the State to J. E. Lyda, 1 December, 1871, and conveyed by J. E. Lyda to J. L. Whitaker, 24 January, 1884, and conveyed by J. L. Whitaker and wife, N. A. Whitaker, to J. C. Garren and wife, Mary Garren, which wife, Mary Garren, is still living.
In the year 1906 the plaintiff O. P. Whitaker brought a special proceeding before the clerk of the Superior Court of Henderson County, against the defendant Clingman Garren herein, to have the lines between the above mentioned grants, and between the plaintiff O. P. Whitaker and the defendant Clingman Garren, run and established as provided by law in such proceedings; and at the same time his sister, Martha Rhodes, now Martha Laughter, brought a similar proceeding against the same defendant, Clingman Garren, for the same purpose; and said matters coming on to be heard, were consolidated and heard by the clerk, together, in which proceeding the clerk settled and adjudged the true line between the said grants, and between the parties thereto, according to the contention of and in favor of the defendant herein, and (660) to be those lines shown on the map used in this case, towit: Those lines from the C O, third corner of the Lyda grant, and from said B O marked "A W," the fourth corner of said Lyda grant. And upon the hearing of this cause the aforesaid sister of O. P. Whitaker, Martha Laughter, having also brought a suit against the defendant herein, Clingman Garren, for the same purpose as the suit of the said O. P. Whitaker, both of said causes were tried together.
The processioning proceeding was introduced in evidence, but his Honor afterwards withdrew it from the jury and instructed them they must not be influenced by it in any way, and defendant excepted.
There was a verdict and judgment in favor of the plaintiff, and the defendant appealed.
Prior to 1903 it was generally held that proceedings under the processioning act of 1893 did not affect the title.
The Court said in Williams v. Hughes, 124 N.C. 3: "We do not think it was intended to try title to land under this statute, but to procession, locate, and establish the lines between adjacent landowners." In Wilson v.Alleghany Co., 124 N.C. 7, the proceeding "settles no rights or titles to property, but only locates the dividing lines between the parties." InVandyke v. Farris, 126 N.C. 746, it "does not prohibit either party from asserting his rights as to the title to the same land," and in Midgett v.Midgett, 129 N.C. 21, "it settles nothing as to title."
In 1903 an act was passed by the General Assembly (Rev., 717) providing that: "In special proceedings which have been or may hereafter be begun it shall be competent for any defendant or other party thereto to plead any equitable or other defense, or ask any equitable or other relief in the pleadings which it would be competent to ask in a civil action; and when such pleas are filed the clerk shall transfer the cause to the civil-issue docket for trial during term upon all issues raised by the pleadings. It shall be competent for the trial judge to allow amendments to the pleadings and interpleas in behalf of any person claiming an interest in the property, with a view to substantial justice between the parties."
Since the enactment of this statute the parties may under the processioning act establish the dividing line without putting the title in issue, or they may join issue also upon the title.
(661) If the first course is adopted the judgment is an estoppel as to where the line is located, but not as to title, and under the second the issues raised are transferred to the Superior Court in term and the judgment estops as to title and as to the location of the line. Parker v.Taylor, 133 N.C. 105; Davis v. Wall, 142 N.C. 452; Woody v. Fountain,143 N.C. 70; Green v. Williams, 144 N.C. 63; Brown v. Hutchison,155 N.C. 206.
The Court said in the Parker case: "This present action is for trespass in cutting timber beyond a dividing line which had thus been determined in a special proceeding formerly had between the plaintiff herein (defendant in that proceeding) and the parties under whom the defendants claim (plaintiffs in such former proceeding), and the defendants plead said judgment as an estoppel. The record of the former proceeding and judgment therein was pleaded and shown in evidence, and the plaintiff admitted that according to the line as located by said judgment the locus in quo was on the defendant's side thereof. His Honor thereupon intimated an opinion that the plaintiff could not recover, in difference to which he took a nonsuit and appealed. *Page 723 
"There was no error. The line was located by a judgment to which the plaintiff and those under whom these defendants claim were parties. The plaintiff, who was defendant in the former action, did not therein raise any issue as to title and have it tried, as he might have done, and the adjudication as to this being the true boundary is res judicata. The judgment of the clerk `determining the location' of the line is authorized by the statute, and is conclusive of that fact upon parties and privies to said action." And in the Davis case: "It is true that a processioning proceeding is for a settlement of a boundary line, title not being involved; but if the defendant therein denies the title of the plaintiff, as well as the location of the boundary line, upon the issue of title thus raised the case would have been transferred to the Superior Court at term for trial, and tried as if the action had been originally brought in that court, just as when an issue of title is raised in proceedings of partition. Smith v. Johnson, 137 N.C. 43; Stanaland v. Rabon, 140 N.C. 202. Not having raised such issue, the defendant is estopped by the judgment in that action from denying the boundary thus determined to be the true line, and from now asserting title to any land beyond it. Parker v.Taylor, 133 N.C. 105."
The real difficulty is in determining the effect and extent of the estoppel when title is not in issue, and this arises because occupation of land is sufficient evidence of ownership for the purposes of the statute (Revisal, sec. 326), and the difficulty must be solved by resort to the principles governing estoppels by judgment.
In Coltrane v. Laughlin, 157 N.C. 287, the Court said: "It is (662) well recognized here and elsewhere that when a court having jurisdiction of the cause and the parties renders judgment therein, it estops the parties and their privies as to all issuable matter contained in the pleadings, and though not issuable in the technical sense, it concludes, among other things, as to all matters within the scope of the pleadings which are material and relevant and were in fact investigated and determined on the hearing. Gillam v. Edmonson, 154 N.C. 127; Tyler v.Capehart, 125 N.C. 64; Tuttle v. Harrell, 85 N.C. 456; Fayerweatherv. Ritch, 195 U.S. 277; Aurora City v. West, 75 U.S. 82, 103;Chamberlain v. Gaillard, 26 Ala. 504; 23 Cyc., pp. 1502-4-6. `A judgment is decisive of the points raised by the pleadings, or which might be properly predicated upon them; but does not embrace any matters which might have been brought into the litigation, or causes of action which the plaintiff might have joined, but which in fact are neither joined nor embraced by the pleadings.'"
Under the old rules of the common law the matters investigated and determined could only be ascertained by an inspection of the record; *Page 724 
but now parol evidence is admissible for that purpose. Yates v. Yates,81 N.C. 397; Person v. Roberts, 159 N.C. 173;Clothing Co. v. Hay, 163 N.C. 499.
If, therefore, the judgment estops as to the matters put in issue and litigated and determined (and the statute would be useless if this effect cannot be given to it), and if these matters may be shown by parol, it follows that the extent of the estoppel depends on what is tried.
If the parties to the proceedings are mere occupants, the adjudication as to the dividing line does not affect the title, and only determines the right to possession on either side of the line; but if they are adjoining owners, and the location of the deeds and grants under which they claim is put in issue and determined, they cannot afterwards litigate this location and contend that the lines of their deeds and grants are at some otherplace than the one settled by the proceeding.
In neither case is the title adjudicated, although in many instances the location of the deeds and grants may have an important bearing as evidence on the trial of an issue of title.
This construction gives some vitality to the statute, and is fraught with no dangers, as the parties can always put the title in issue; and whether this is done or not, either party may appeal to the Superior Court in term, and have a hearing before a jury de novo.
If these principles are applied, it follows that his Honor was in error when he withdrew from the jury the processioning proceeding and instructed them they must not be influenced by anything that was done in that proceeding, as it appears from the case on appeal that the (663) plaintiffs claim under the Williams grant, and the defendants under the Lyda grant; that one of the facts in controversy in this action is the location of the Williams grant, and that in the processioning proceeding the court "settled and adjudged the true line between the said grants, and between the parties thereto, according to the contention of and in favor of the defendant."
A new trial is ordered.
New trial.