T. C. CLARK v. J. H. DILL.

(Filed 18 September, 1935.)

**Boundaries A a: Appeal and Error J e—Occupation is sufficient to sustain special proceeding to establish boundary.**

In a special proceeding under C. S., ch. 9, to establish the dividing line between adjoining tracts of land, title is not a prerequisite, C. S., 362, and where it is admitted in the case on appeal that plaintiff's title was not in dispute, and that defendant's title was not in dispute except as to the true boundary line, the refusal of the court to submit an issue as to plaintiff's title, in addition to the issue as to the true boundary line, will not be held for error.

APPEAL by defendant from *Warlick, J.,* at April Term, 1935, of MADISON.

Special proceeding to establish the dividing line between the lands of plaintiff and defendant, adjoining landowners.

From a verdict and judgment in accordance with plaintiff's contention, the defendant appeals, assigning errors.

*Roberts & Baley and Calvin R. Edney for plaintiff.*
*John H. McElroy for defendant.*

STACY, C. J. Plaintiff brings this special proceeding under Chapter 9 of the Consolidated Statutes to establish the dividing line between his land and an adjoining tract owned by the defendant. He alleges that the boundary line between the two tracts is in dispute, and further, that the defendant has trespassed across the line and committed waste upon plaintiff's land, the territory in dispute.

The defendant answered and denied plaintiff's title; whereupon the proceeding was transferred to the civil issue docket. *Brown v. Hutchinson,* 155 N. C., 205, 71 S. E., 302.

Upon the trial, the defendant tendered issues of title, as well as of boundary, and excepted to the refusal of the court to submit the former. *Smith v. Johnson,* 137 N. C., 43, 49 S. E., 62.

The merit in appellant's exception is dissipated by the following statement in the case on appeal: "From the testimony of both plaintiff and defendant, the title to the J. H. Dill land was never in dispute and the title to the Clark land was not brought into dispute except as to the question of where the true line should run between them."

The case was tried purely as a proceeding to establish the boundary line between the land admittedly occupied by the plaintiff and the adjoining land admittedly occupied by the defendant. It is provided by C. S., 362, that the "occupation of land constitutes sufficient ownership for the purposes of this chapter." *Williams v. Hughes,* 124 N. C., 3, 32 S. E., 325. The title was not really in dispute. *Woody v. Fountain,* 143 N. C., 67, 55 S. E., 425.

The record contains no exceptive assignment of error which can be sustained. The verdict and judgment will be upheld.

No error.