TINDALL v. WILLIS

[95 N.C. App. 374 (1989)]

---

ANGUS TINDALL AND WIFE, ELIZABETH TINDALL, PLAINTIFFS v. NORMA WILLIS, ROBERT DARRELL WILLIS, KERRY WILLIS, DIANNE WILLIS, AND BRENDA W. LONG, DEFENDANTS

No. 883DC1251

(Filed 5 September 1989)

1. **Appeal and Error § 45— failure to cite authorities—question not considered**

The Court of Appeals declined to review a question presented on appeal where defendants failed to comply with Rule 28(b)(5) of the N.C. Rules of Appellate Procedure in that their question for review revealed no citation of any authorities.

**2. Judgments § 37.5— ownership of real property—prior judgment—res judicata**

The trial court in an action concerning ownership of real property correctly found that a prior judgment was res judicata as to the location of the boundary line where the court relied upon a judgment in a prior processioning action to determine the location of the boundary line between two adjacent parcels of land involving the present parties' predecessors in interest. Although the court may not have totally complied with N.C.G.S. § 38-3, the court strictly observed the statutory provisions in all material respects.

APPEAL by defendants from *Ragan, James E., III, Judge*. Judgment entered 3 June 1988 in District Court, CARTERET County. Heard in the Court of Appeals 16 May 1989.

Plaintiffs instituted this civil action claiming ownership of a tract of land and praying for injunctive relief as well as damages for trespass and slander of title. By way of answer, defendants denied every material allegation of plaintiffs' complaint and filed a G.S. sec. 1A-1, Rule 12(b)(6) motion for dismissal.

*Wheatly, Wheatly, Nobles, Weeks & Wainwright, P.A., by J. Christy Maroules, for plaintiff-appellees.*

*Henderson, Baxter & Alford, P.A., by David S. Henderson, for defendant-appellants.*

JOHNSON, Judge.

Plaintiffs in the present action are successors in interest to certain real property whose conveyance is recorded in Book 466, Page 70, Carteret County Registry. Their predecessors in interest, as well as defendants' predecessors in interest, were involved in a similar controversy over the same tract in 1964. At that trial two issues were presented to the jury which are as follows: (1) "Are the petitioners [plaintiffs' predecessors in interest] the owners of or entitled to the possessions of land as described in the complaint?" and (2) "Is the true dividing line between the lands of Petitioner and the lands of respondent [defendants' predecessors in interest] the lines shown as AB on Plaintiffs' Exhibit B?" Both questions were answered "yes" by the jury. In its judgment the court designated the boundary line as follows:

Beginning at the center of the lane lying between the lands of the Petitioners and Irvin Davis Heirs, on the east side of the main road through the Community of Davis; thence with the centerline of the public lane or road S 56-30 E, 740 feet, more or less, to the highwater mark of the waters of Core Sound.

On 21 May 1975 respondent in the first action (defendants' predecessor in interest) filed a motion to vacate the 1966 judgment. Before the motion was heard, respondent died and his widow (a defendant in the present action) was substituted as a party as administratrix of her husband's estate. On 8 March 1979, an order was entered denying respondent's request.

In 1982, petitioners' heirs conveyed the parcel of property which lies at the heart of the dispute to the plaintiffs. They installed a bulkhead on their property and then attempted to sell it. Defendant in the case *sub judice*, Norma Willis, then informed plaintiffs' real estate agent that she owned the property plaintiffs were attempting to sell. Defendants then continued to go upon the property and plaintiffs then filed suit.

At the trial of this matter, the surveyor, James L. Powell, testified that he had surveyed this property in 1975 and that he surveyed the center of the road as designated in the 1964 judgment. He testified to the following:

Q. Now, sir, in surveying this property, how did you use the map that you have which is before you in the Court file, sir?

A. It's along with the judgment. The judgment—you don't want me to read—the best of my knowledge, described the line on this map, and the judgment defines the beginning point as the center of the road between the property of Ervin Davis and Ross Davis. Those two properties were pointed out to me and the road was shown to me.

The trial court made the following pertinent findings of fact in its 2 June 1988 judgment:

4. That judgment was entered in said cause on the 5th day of March, 1966 by the Honorable Joseph W. Parker, Judge of the Superior Court presiding, which Judge decreed the true boundary line between the lands of the Petitioner and the lands of the Respondent, as defined in accordance with the line AB on Plaintiffs' exhibit B as filed in said cause . . .

. . . .

6. That the beginning corner of the old road as shown on the Powell map was established correctly by Powell, but as to whether or not said line as shown on the Powell map is down the center of the existing road is difficult for the Court to determine; however, the Court is satisfied that the line is substantially correct. However, the court cannot determine the exact line of the boundary line, since the Superior Court did not run and mark the boundary line in accordance with North Carolina General Statutes sec. 38-3(c) in 75-CVS-215.

7. The Court further finds as a fact that the actual location of the center of the road is not necessary for this Court to determine that there has been actual trespass by the Defendants, since they have all testified that they have gone on the property of the Plaintiffs in an area that would be substantially north of said road, regardless of where the exact center would be.

8. That the Court finds that the boundary line is located substantially as the plaintiff herein contends, (the boundary line as established by Powell Surveying) however, the Court is without jurisdiction to place the boundary line upon the ground. Only the Superior Court has jurisdiction to run and mark the boundary line in accordance with North Carolina General Statute sec. 38-3.

. . . .

11. That the judgment rendered in 75-CVS-215 constitutes *res judicata* as to the boundary between the parties hereto, as respective successors in interest to the parties in the Superior Court proceeding.

. . . .

13. That the Plaintiffs' predecessors in title, and especially Sterling Dixon, exercised control over the property in question for many years, using it for the operation of a store, building docks and landing area, in which he ferried automobiles, hunting and fishing partys [sic] to Core Banks.

14. That the claim of use by the Defendants was not to the exclusion of the Plaintiffs, since as shown on the aerial photographs, Plaintiffs' predecessors in title have built structures, operated a business, parked cars, had ramps and loading facilities, all located on this property, and used by them.

Based upon these findings of fact the trial court concluded that the 1966 judgment was *res judicata* as to the location of the boundary line between the parties' properties and that they were bound by it. In addition, the court concluded that defendants were liable for trespass and ordered the payment of nominal damages. From this judgment, defendants appeal.

On appeal, defendants present two questions for this Court's review, to wit: (1) whether the trial court erred in concluding that the 1966 judgment was *res judicata* on the question of the boundary line's location, and (2) whether the court's judgment was erroneous because the prior adjudicated boundary line was mislocated in that its description did not fit plaintiffs' deed description, plaintiffs failed to show proof of title, and the findings of fact and conclusions of law did not support the judgment.

[1]  We note at the outset that defendants have failed to comply with the mandatory rules of appellate procedure. Rule 28(b)(5) of the N. C. Rules of Appellate Procedure provides in pertinent part that appellant's brief shall have "[a]n argument, to contain the contentions of the appellant with respect to each question presented. . . . The body of the argument shall contain citation of the authorities upon which the appellant relies."

Our study of defendants' second question for review reveals no citations of any authorities upon which they rely. Therefore, we decline to review this question and consider only assignment of error one.

[2]  By this question defendants specifically contend that the 1966 judgment upon which the trial court relied to reestablish the boundary line cannot be *res judicata* because it was patently incomplete and ineffective. We disagree.

Defendants rely upon *Pruden v. Keemer*, 262 N.C. 212, 136 S.E.2d 604 (1964), to support their argument that the court's failure to order compliance with G.S. sec. 38-3, which requires the court to issue an order to the surveyor to run and mark the boundary lines after they are determined by judgment in a processioning action, renders the 1966 judgment fatally defective. In *Pruden*, the Court reversed a clerk of court's entry of default judgment in a processioning action because petitioners failed to allege sufficient facts in their petition to constitute the location of the boundary line as required by G.S. sec. 38-3. "This provision requires

that petitioner allege facts as to the location of the [disputed] line as claimed by him with sufficient definiteness that its location on the earth's surface may be determined from petitioner's description thereof." *Pruden* at 218, 136 S.E.2d at 608.

We therefore find *Pruden* clearly distinguishable from the facts in the case *sub judice*. Although the court may not have totally complied with G.S. sec. 38-3, we believe that the court strictly observed the statutory provisions in all *material* respects. *Pruden* at 217, 136 S.E.2d at 608, *citing Euliss v. McAdams*, 101 N.C. 391, 7 S.E. 725 (1888), and *Forney v. Williamson*, 98 N.C. 329, 4 S.E. 483 (1887).

Moreover, in *Whitaker v. Garren*, 167 N.C. 658, 83 S.E. 759 (1914), an action to recover land as well as damages for cutting and removing timber from a disputed portion of land between two adjacent tracts, the Court ordered a new trial because the trial court withdrew from the jury the determination of the boundary line between the two adjacent tracts which had been entered in a prior processioning action. On the issue of the *res judicata* effect of the judgment entered in the prior processioning proceeding on the action for damages which was before the court, our Supreme Court stated the following:

> If the parties to the proceeding are mere occupants, the adjudication as to the dividing line does not affect the title, and only determines the right to possession on either side of the line; but if they are adjoining owners, and the location of the deeds and grants under which they claim is put in issue and determined, they cannot afterwards litigate this location and contend that the lines of their deeds and grants are *at some other place* than the one settled by the proceeding.

*Whitaker* at 662, 83 S.E. at 761 (emphasis in original).

Also, quoting *Coltrane v. Laughlin*, 157 N.C. 282, 287, 72 S.E. 961, 962 (1911), the Court stated the following:

> 'It is well recognized here and elsewhere that when a court having jurisdiction of the cause and the parties renders judgment therein, it estops the parties and their privies as to all issuable matter contained in the pleadings, and though not issuable in the technical sense, it concludes, among other things, as to all matters within the scope of the pleadings which are

material and relevant and were in fact investigated and determined on the hearing.'

*Whitaker* at 662, 83 S.E. at 761 (citations omitted).

In the case *sub judice*, the court relied upon a former judgment in a processioning action to determine the location of the boundary line between two adjacent parcels of land. The parties in the present action are successors in interest to the parties in the original suit.

We believe that the court correctly found as a fact that the prior judgment was *res judicata* as to the location of the boundary line. *See King v. Grindstaff*, 284 N.C. 348, 200 S.E.2d 799 (1973). "Where a court sits without a jury a reviewing court is bound by the findings of fact entered where there is some record evidence to support them, although evidence may exist which supports findings to the contrary." *Pickard Roofing Co. v. Barbour*, 94 N.C. App. 688, 381 S.E.2d 341 (1989), *citing Lyerly v. Malpass*, 82 N.C. App. 224, 346 S.E. 2d 254 (1986).

We have examined the court's findings against the record evidence before us and conclude that we are bound by them. Because we have found no reason to disturb the court's judgment, it is

Affirmed.

Judges COZORT and GREENE concur.